[No. 7,336.—In Bank.]

## ESTATE OF EDWARD MARTIN, DECEASED.

OLOGRAPHIC WILL—DATE—CONSTRUCTION OF CODE.—A date is essential to the validity of an olographic will.

ID.—ID.—CONSTRUCTION OF WILL.—A recital in an olographic will that the testator is of the age of sixty years, does not constitute a date.

APPEAL refusing to admit a will to probate in the Superior Court of the City and County of San Francisco.   FINN, J.

*Chas. J. Swift*, for Appellants.

It is a palpable fallacy to insist that the date is as essential in such an instrument, as the writing and signature, An olographic will and its signature must be entirely in the handwriting of the testator himself, and the date also must be in his handwriting if it is dated, but we contend that the language employed does not absolutely require the presence of date, and does not intend that such a will is invalid if the date is omitted.   At the time the section (1277, Civ. Code) was adopted in this State, the date of an instrument was no part of the instrument itself, and was merely formal to its execution, but in the execution of instruments date would aptly be inserted, and the legislators presuming that olographic wills would naturally bear date, said or meant to say, that even the most formal part, or least part, or that which was farthest from being any part of the instrument itself, which is date, should be in the handwriting of the testator himself.   It is evident that the great aim of the Legislature was to conserve the true, the real, and the only intent and purpose of an olographic will, by making it completely, entirely, and wholly the act, and the exclusive act of the testator himself, and that the slightest touch of the stranger should mar, contaminate, and destroy it, but not to say that it must be dated, or that date was an absolute and indispensable ingredient to the validity of such wills.   Excepting policies of insurance, the date is not essential to the validity of scarcely any kind of instruments in writing; and since a will, obviously, unless it is intended to the contrary, takes effect, speaks and operates only from the time of the death of the testator (1 Redf. on

Law of Wills, 379), *a fortiori*, the date is less essential to the validity of wills than any other class of writings, and decisions are everywhere numerous on the point that "the date of the execution of the will is no part of the will itself, and if a will has no date or a wrong date, it may be established or corrected by parol proof, showing the real time of its execution." (1 Jarman on Wills, 2d Am. ed., 122.) Going to the Greek derivation of Olograph, or more properly Holograph, and the Code Napoleon, and the Civil Law of Louisiana, from which the law of this State concerning the same is taken, an olographic will is one "entirely written" and signed by the testator, and is subject to no other form, and may be made out of the State. (4 Kent's Com., 11th ed. *520.) Entirely written by the testator himself, expresses the fullest meaning of the code, and the meaning is not amplified by the greater precision of expression in reference to the writing of the date. The recital in the will that testator is "of the age of sixty years," constitutes a date. Date is the designation or indication in an instrument of the time when it was made. (Bouv. Law Dic.) English statutes are dated according to the year only of the reign of the King or Queen of their passage. The single purpose of date is to fix or identify the time in which an act was done, or an instrument was made (2 Greenl. Ev. §§ 12, 13, 489, note), and with the solemn act of the testator to the fact, extraneous evidence will show that he was sixty years of age in the year 1878. *Id certum est quod reddi potest*, and since the actual date may be shown by extraneous evidence. (1 Redf. on Law of Wills, 506; *Pool* v. *Pool*, 33 Ala. 145.) Let it be imagined of some republican Frenchman making his will as of the ninety-first Anniversary of the Destruction of the Bastile; or some Irishman his as of the one hundred and eighty-ninth Anniversary of the Violated Treaty; or some Englishman his as of the six hundred and sixty-fifth Anniversary of the Magna Charta of King John; or some American his as of the one hundred and fourth Anniversary of the Declaration of Independence, would not a Court, taking judicial notice of these well-known historical events, and on the principle, that is certain which can be made certain by the simplest process of subtraction and deduction, determine the real dates of such wills to be

respectively, the 14th day of July, the 10th day of October, and the 15th day of June, and the 4th day of July, in the year 1880?

*J. W. Winans*, of counsel for Respondent.

The will is entirely without a date, and as such is wholly non-compliant with section 1277 of the Civil Code; but the proponent seeks to evade this by urging that it is substantially complied with, because the alleged testator mentions his age as sixty. To this proposition we answer that: 1. The year in which the will was made could not be determined, even if it were the sixtieth year of Mr. Martin's age, without ascertaining *aliunde* when he was born, and that fact might be utterly beyond the reach of ascertainment. 2. Even if the exact year could be ascertained, a year does not constitute a date in law. The term date refers to a particular day, not a year, and consequently there are three hundred and sixty-five dates in a year. 3. The alleged testator may have misrepresented his age in the pretended will. He may have been sixty years of age and upwards. Had he given the date of the execution of the paper the law would have assumed such date to be correct, because it emanated from himself. Not so, however, with his assertion of his age. To get at the date, even proximately, so as to reach the year in which it occurs, the true age must be known.

The COURT:

A paper was presented for probate as the last will and testament of the deceased, as olographic. It was written and signed by the hand of deceased, but bore no date, and was not witnessed. Probate was refused by the Court below.

The statute upon the subject is as follows (Civ. Code, § 1277):

"An olographic will is one that is entirely written, dated, and signed by the hand of the testator himself. It is subject to no other form."

It is claimed that the dating of a will is a mere formal matter, not absolutely necessary. We do not think so. The Legislature has seen fit to require three things to concur, for the execution of an olographic will, viz., that it be written,

dated, and signed by the hand of the testator. We are not at liberty to hold that the Legislature intended any one of these requirements to be of greater or less importance than the others. If we may omit one, why not either of the others? " It is subject to no *other* form." It is subject to the form prescribed.

The paper is not aided by the declaration contained in it, " of the age of sixty years." It does not appear in the paper when he was of the age of sixty years. It may have been one day before his decease; it may have been ten years.

Judgment affirmed.