[Civ. No. 2958. First Appellate District, Division One.—August 13, 1919.]

In the Matter of the Estate of JACK OLSSEN, Deceased. OTTO STEIN et al., Appellants, v. MAUDE CLARK, Respondent.

**[1]** OLOGRAPHIC WILLS—ABBREVIATION OF DATE—ADDITION OF LETTERS "TH" TO FIGURES.—In an olographic will, a date written "4/12/17th" is sufficient. The addition of the letters "th" in connection with the figures does not render the meaning uncertain.

**[2]** ID.—TIME OF EXECUTION — SURROUNDING CIRCUMSTANCES — CONSTRUCTION OF.—In this will contest the evidence as to the circumstances under which the instrument reading:

"4/12/17th

"mod clark 351 jones st progfeeld Apa Aparmass 201 I leev hore $2000.00 more cash mony

"JACK OLSSEN

"My my is cleere i leev hore alle

"JACK OLSSEN"

was drawn fully justified the court in arriving at the conclusion

---

1. Dating olographic will, note, L. R. A. 1916E, 503.

2. What are olographic and holographic wills, notes, 52 Am. Dec. 591; 104 Am. St. Rep. 22.

that it was written all at one time, and was to be construed as a single instrument expressive of the will of the testator.

[3] ID.—CONSTRUCTION OF TRIAL COURT—SUFFICIENCY OF INSTRUMENT.—Such instrument, as construed by the trial court to read:

"4/12/17th.

"Maude Clark, 351 Jones Street, Brookfield Apartments, Apartment 201, I leave her $2000.00 more, cash money.

"JACK OLSSEN.

"My mind is clear. I leave her all.

"JACK OLSSEN."

was a sufficiently intelligible and properly executed writing to constitute an olographic will, and was properly admitted to probate.

APPEAL from an order and decree of the Superior Court of the City and County of San Francisco admitting an olographic will to probate. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ambrose Gherini, Edwin H. Williams and J. Edwin Lyons for Appellants.

Samuel M. Shortridge and J. E. Harper for Respondent.

RICHARDS, J.—This is an appeal from an order and decree admitting the olographic will of one Jack Olssen to probate upon the petition of the devisee named therein.

The following is a copy of the document in question:

"4/12/17th.

"mod clark 351 jones st progfeeld Apa Aparmass 201 I leev hore $2000.00 more cash mony

"JACK OLSSEN

"My my is cleere i leev hore alle

"JACK OLSSEN."

The trial court in its findings construed the above document, with the proper spelling of the words therein, to read as follows:

---

3. Necessity and sufficiency of attestation of olographic will, notes, Ann. Cas. 1913B, 1305; 14 L. R. A. (N. S.) 968.

Rule that olographic will must be found among "valuable papers," note, 5 Ann. Cas. 636.

"4/12/17th.
"Maude Clark, 351 Jones Street, Brookfield Apartments, Apartment 201, I leave her $2000.00 more, cash money.

"JACK OLSSEN.

"My mind is clear. I leave her all.

"JACK OLSSEN."

To this reading the appellants offer no particular objection, but insist that the original document, even with this reading, has not the qualities of an olographic will, and is otherwise too indefinite as to its intent to be given effect. [1] The first arrow of the appellants is aimed at the date of the instrument, but we think this assault is sufficiently met by the decision of the supreme court in the matter of the *Estate of Chevallier*, 159 Cal. 161, [113 Pac. 130], in which the figures "4-14-07" were held to amount to a sufficient dating of an olographic will. The appellant insists that the addition of the letters "th," in connection with the figures at the head of the instrument in question here, renders their meaning uncertain, but we think that this is a hypercriticism, and that no real distinction can be found between the two cases. [2] The appellants' next contention is that even if the instrument shall be held to be sufficiently dated, and signed, as to the first portion thereof, the closing clause of the document must be regarded as an undated codicil. This question, however, must be determined by the circumstances under which the instrument was drawn, as revealed by the testimony in the case, from which it appears that the testator was on the date which the document bears a patient at the St. Francis Hospital, in San Francisco, where he died five days later, and that, being then on his deathbed, he was observed by his nurse attempting to write something upon a piece of newspaper, and was asked by her if he would like to have some writing paper, and upon his nodding his head affirmatively, she went out and got him a desk pad of writing paper, whereupon he asked her to telephone to the proponent, Maude Clark, which she did within the next ten or fifteen minutes, during which he was writing upon the piece of paper which the nurse identified. He had practically completed such writing when she returned to the room, and, folding up the paper, he put it away. Within a half hour thereafter the proponent of this will came to the room of the testator, when he gave her the folded paper, telling

her to take care of it, and not lose it, for it meant a whole lot to her. The folded paper, in the precise form in which the said proponent received it, was produced in court.

From these facts we think the trial court was justified in arriving at the conclusion that the instrument in question was written all at one time, and was to be construed as a single instrument expressive of the will of the testator. [3] As such we are satisfied that the reading thereof adopted by the trial court renders it a sufficiently intelligible and properly executed writing to constitute an olographic will, and hence that the trial court was not in error in admitting same to probate.

The order and decree are affirmed.

Waste, P. J., and Langdon, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgement in the district court of appeal, was denied by the supreme court on October 9, 1919. °

All the Justices concurred, except Olney, J., who was absent.