## In re ESTATE of HAIL.
## YOUNT v. HAIL.

No. 14210—Opinion Filed Sept. 25, 1923.

Rehearing Denied Nov. 13, 1923.

### 1. Wills—Holographic Will Defined.

A holographic will is one that is entirely written, dated, and signed by the hands of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed.

### 2. Same—Validity—Defective Dating.

Where a holographic will is offered for probate and the probate is contested on the sole ground that day of the month is omitted from the date, held, that where the will otherwise complies with the statute and there is no question of lack of mental capacity, undue influence, or duress involved. the omission of the day of the month from the date will not invalidate the will, and it will be admitted to probate.

### 3. Wills—Rule of Construction.

The statutes of this state require that in construing a will it should be so construed as to prevent a total intestacy, if possible.

### 4. Same—Validity—Omission of Day of Month.

Record in this case examined, and there is nothing to show that the day of the month works any injustice to the parties, and in the absence of such showing, we hold that the day of the month in the date is not of sufficient importance to invalidate the will.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

In the matter of the estate of John D. Hail, deceased, Belle Hall Hail, proponent of will; Anna Bess Yount, contestant. Judgment for proponent, and contestant brings error. Affirmed.

Hulette F. Aby and William F. Tucker, for plaintiff in error.

West, Sherman, Davidson & Moore, for defendant in error.

Opinion by MAXEY, C. This case presents for our consideration the validity of the holographic will of John D. Hail, deceased, which is in words and figures as follows:

"November, 1919.

"In the Name of God Amen:

"I, Jno. D. Hail of Tulsa, Oklahoma, being in good health & sound and disposing mind & memory, but mindful of the uncertainty of life, do make declare & publish this my last will & testament hereby revoking any & all former wills, & do hereby dispose of my estate as follows:

"I bequeath to Bell Hall Hail my wife the home located in Tulsa, Okla., & all lots, lands & buildings, if any, that I possess.

"All stocks & holdings in the Jno. D. Hail Co.

"All money received from Life Insurance.

"All bank stocks.

"Five Thousand ($5 000.) Dollars in Liberty Bonds.

"All bonds not otherwise provided for in this will.

"All cash on hand & in bank.

"All stocks and holdings in the Wright Mining & Royalty Co.

"A contract now existing & in the records of the Jno. D. Hail Co. provides at my death, Bell Hall Hail becomes the president of the Company and is to draw weekly the sum of One Hundred & Fifty ($150) Dollars in cash. It is my desire that this contract be carried out.

"I bequeath to my daughter Anna Besse Yount Three Thousand ($3,000) in Bonds.

"10937 shares in the Domado Lead & Zinc Co. my Cadillac Motor Car.

"8000 Shares in the Tulsa Quapaw Mining & Royalty Co.

"To Free Lee Yount my Watch & Chain.

"To my sister Marh H. Salyer $1,000 Dollars in Bonds.

"To my brother Luther F. Hall 10937 shares of stock in the Bethel Lead & Zinc Co. also Seventy-five shares in the Cooperative Gum Vending Co.

"To Mary Louise Salyer my grand niece 5000 shares in the Croesus Lead & Zinc Co.

"If my estate receives any money from accident insurance please use it as follows:

"Pay all my personal indebtedness together with all expense incurred by my death and burial, the remainder to go to Belle Hall Hail.

"I appoint Belle Hall Hail executrix of my estate, and Preston C. West, Counsel and it is my desire that they execute this estate jointly, and neither be required to give bond and they are authorized to refuse to pay any bequest herein made to any beneficiary who interferes personally or causes or influences any one else to interfere with the peaceable execution of this will.

"Signed, Jno. D. Hail.
"November, 1919."

The sole question to be passed on in this case is, Does the omission of the day of the month in the date to said will invalidate it, and justify the court in denying it probate as the last will and testament of John D. Hail. deceased? Counsel for both plaintiff in error and defendant in error have ably briefed the case and cited many authorities in support of their respective contentions. The reading of these authorities cited by respective counsel, as well as independent research on our part, shows that there are two well-defined rules of construction. One may be defined as that line which holds to a strict compliance with the statute, and the other that holds that a substantial compliance with the statute is all that is required.

Our statute on wills and succession was taken from Dakota Territory, and so far as we are advised neither the Supreme Court of Dakota nor this court has ever passed on the precise question presented by this record, so that this court is left free to follow either rule of construction.

Before determining which rule we will follow, let us look to our own statute and see if there is anything to guide us. Section 11230 of Compiled Statutes of 1921 defines a holographic will as follows:

"A holographic will is one that is entirely written, dated, and signed by the hands of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

Under the head of Interpretation of Wills we find the following sections: Section 11264, Comp. Stat. 1921, reads as follows:

"A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

Section 11273 reads as follows:

"Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy."

Section 11295 reads as follows:

"A condition precedent in a will is to be deemed performed when the testator's intention has been substantially, though not literally complied with."

These sections of our statutes, and some decisions of our court construing wills generally, will be a safe guide for us to follow in arriving at which rule of construction or interpretation this court should follow.

The will above set out was denied probate by the county court of Tulsa county, and the case was appealed to the district court, and the district court admitted the will to probate, and from that order admitting the will to probate this appeal is prosecuted.

Counsel for plaintiff in error have ably argued and contended that we should adopt the rule of strict compliance and that as to holographic wills they hold that the will must be "letter and figure perfect," and cite in support of their contention a large number of cases from California, Louisiana, and Montana as supporting the rule of strict compliance or "letter and figure perfect," rule, and we will here incorporate a list of the authorities cited by counsel for plaintiff in error as supporting their contention: Hill v. Davis, 64 Okla. 253, 167 Pac. 465; Noyes v. Gerard, 40 Mont. 190, 105 Pac. 1017.

26 L. R. A. (N. S.) 1145, 20 Ann. Cas. 366; Walker's Estate, 110 Cal. 387, 30 L. R. A. 460, 52 Am. St. Rep. 104, 42 Pac. 815; Re Seaman, 146 Cal. 455, 80 Pac. 700, 106 Am. St. Rep. 53, 2 Ann. Cas. 726; Re Andrews, 162 N. Y. 1, 48 L. R. A. 662, 56 N. E. 529, 76 Am. St. Rep. 294, Robertson's Succession, 40 La. Ann. 868, 21 South. 586, 62 Am. St. Rep. 672; Heffner v. Heffner, 48 La. Ann. 1088, 20 South. 281; Estate of Billings, 64 Cal. 427, 1 Pac. 701; Estate of Plumel, 151 Cal. 78, 90 Pac. 192, 121 Am. St. Rep. 100; Re Carpenter's Estate, 172 Cal. 268, 156 Pac. 464, 1916-E, L. R. A. (N. S.) 498; Re Rand, 61 Cal. 468, 22 Am. Rep. 555; Armant's Succession, 43 La. Ann. 310, 9 South. 50, 26 Am. St. Rep. 183; Baker v. Brown, 83 Miss. 793, 36 South. 539; Re Thorn's Estate (Cal.) 192 Pac. 19; Re Estate of Mary J. Wolcott, Dec. (Utah) 180 Pac. 169; Sec. 8347, Rev. Laws 1910; Estate of Martin, 58 Cal. 530; In re Price's Estate, 14 Cal. App. 462, 112 Pac. 482; In re Noye's Estate, 40 Mont. 190, 105 Pac. 1017; In re Anthony Estate, 21 Cal. App. 157, 131 Pac. 96; In re Carpenter's Estate, 172 Cal. 268, 156 Pac. 464; In re Vance's Estate, 174 Cal. 122, 162 Pac. 103; Heffner v. Heffner, 48 La. Ann. 1088, 20 South. 281.

The case of Hill v. Davis, 64 Okla. 253, 167 Pac. 465, above cited, has also been cited by counsel for defendant in error. Both seem to get some comfort from this decision. We may have occasion to refer to this case again, and will not discuss it further at this time.

In the case of In re Walker's Estate, supra, the court made the following observation:

"At the outset of this consideration, it is proper to say that the right to make testamentary disposition of property is not an inherent right or a right of citizenship, nor is it even a right granted by the Constitution. It rests wholly upon the legislative will, and is derived entirely from the statutes. In conferring that right, the Legislature has seen fit to prescribe certain exactions and requirements looking to the execution and authentication of the instrument, and a compliance with these requirements becomes necessary to its exercise. As has been said (In re O'Neal, 91 N. Y. 520, 521): 'While the primary rule governing the interpretation of wills when admitted to probate recognizes and endeavors to carry out the intention of the testator, that rule cannot be invoked in the construction of the statute regulating their execution. In the latter case, courts do not consider the intention of the testator, but that of the Legislature.'"

In the case of the Estate of Martin, supra, a paper was presented for probate as the last will and testament of deceased as holographic. It was written and signed by the deceased, but bore no date and was not witnessed. Probate was denied.

In re Price's Estate, supra:

"The instrument offered for probate was written and signed by the deceased, but the purported date of execution read: 'Dated this —— day of ————, 1906'."

This was denied probate on the ground that it was not dated as required by statute.

In the case of Heffner v. Heffner, supra, the trial court rendered judgment annulling the will, holographic in form, of William Heffner, deceased, on the ground that it was not dated, and the judgment was upheld on appeal; the court observing that the policy of the law to secure the true representation of the testator's wishes and guard against fraudulent wills is marked in the requisite of the testator's handwriting, including the expression of the date when he writes the paper and affixes the signature it bears. The date in the testator's handwriting is part of the evidence the law requires of the verity of the instrument. If the paper is forged, the date it may bear may furnish the means of detection, etc.

In Re Anthony's Estate, supra, the court says:

"It is practically conceded that the Speed letter is not sufficient as a holographic will, it failing to measure up as such to the statutory requirements (Civ. Code, sec. 1277), as interpreted by the decisions of the court of last resort in this state (Estate of Martin, 58 Cal. 531; Estate of Price, 14 Cal. App. 462, 112 Pac. 482); the essential requirement that in the dating the 'year, the month and the day' must be given not being fulfilled.

"We now come to the Lavin letter, held by the trial court to have incorporated the Speed letter by reference in such a way as to constitute the two letters the will of the deceased."

In Re Carpenter Estate, supra, the court said:

"The document which was found to be in Samuel Carpenter's handwriting and signed by him, was written upon a single sheet of paper and the first line was as follows: 'Winters Yo lo Co. 10 1912.' The sole question presented to this court, therefore, relates to the sufficiency or insufficiency of the quoted words, abbreviation, and figures as a date, in contemplation of the requirement of section 1277 of the Civil Code that a holographic will must not only be entirely written and signed by the testator, but must also be dated."

The will was denied probate.

In Re Vances Estate, supra, the will was dated " this 22nd day of March, in the year of our Lord one thousand." The court held the date incomplete and denied the will probate.

In Heffner v. Heffner, supra, the will was in this form:

"State of Louisana
"Caddo Parish.

"Written, dated and signed in my own handwriting on this —— day of June, 1893.
"William Heffner."

This will was denied probate on the ground that it was not properly dated, and the court held that the day of the month was necessary.

In Re Noyes' Estate, the Supreme Court of Montana followed the case of Estate of Martin, supra, and other California cases, as well as some Louisiana cases, and placed the Montana court with the states of Louisana and California in holding to the literal interpretation of the statute.

In re Thorne's Estate (Cal.) 192 Pac. 19, which is a very recent case from that court, shows that it is still adhering to the strict construction rule as this case holds that a holographic will must contain the day, month, and year.

We have called attention to these cases to show that the Supreme Courts of Louisiana, California, and Montana have adopted the rule requiring a holographic will to be "letter and figure perfect."

However, a tendency on the part of the California courts to depart from the "letter and figure perfect" rule is noticeable in the Estate of Walker, 110 Cal. 387, 42 Pac. 815, where three of the seven judges each file a dissenting opinion, and in the McMahan Estate, 163 Pac. 669, where Judge Henshaw said:

"An absolute precision of execution is not expected in the case of an holographic will."

The defendant in error has cited a great number of cases which hold to the doctrine of substantial compliance, both as to holographic wills and other character of wills. The authorities cited appear to sustain the substantial compliance doctrine. We will here give a list of the authorities cited by defendant in error:

In re Fay's Estate (Cal.) 78 Pac. 340; In re Clisby's Estate (Cal.) 78 Pac. 964; In re Estate of Skerrett (Cal.) 8 Pac. 181; In re Lakemeyer's Estate (Cal.) 66 Pac. 961; In re Olssen's Estate (Cal.) 184 Pac. 22; In re Hartley's Estate (Cal.) 184 Pac. 950; In re McMahon's Estate (Cal.) 163 Pac. 669; In re Soher's Estate (Cal.) 21 Pac. 8; Mitchell v. Donohue (Cal.) 34 Pac. 614; Barney v. Hays (Mont.) 29 Pac. 282, 27 Pac. 384; Appeal of Know (Pa.) 18 Atl. 1021; Fosselman v. Elder, 98 Pa. St. 159; Wise v. Short (N. C.) 107 S. E. 134; Alexander v. Johnston (N. C.) 88 S. E. 785; In re Cole's Will (N. C.) 87 S. E. 962; Arendt v. Arendt (Ark.) 96 S. W. 982; Musgrove v. Holt (Ark.) 240 S. W. 1068; Pilcher v. Pilcher (Va.) 84 S. E. 667; Gooch v. Gooch (Va.) 113 S. E. 873; Barnes v. Horne (Tex.) 233 S. W. 859; Adams v. Maris (Tex.) 213 S. W. 622; Buffinton v. Thomas, 84 Miss. 157, 36 South. 1039; Graham v. Edwards (Ky.) 173 S. W. 127; Toebbe v. Williams, 80 Ky. 661; In re Will of Beckett (N. Y.) 8 N. E. 506; In re Van Benschoten's Will, 174 N. Y. Supp. 170; In re Hunt (N. Y.) 18 N. E. 106; In re Levengston's Will, 142 N. Y. Supp. 829; La Rue v. Lee (W. Va.) 60 S. E. 388.

We will quote briefly from a few of the cases above cited. In Levengston's Will, 142 N. Y. Supp. 831, supra, it is said:

"The rule in respect to holographic wills as to the manner and method of publication is not so close and severe as where the will is drawn and executed under the direction of an experienced scrivener."

And in the Will of Hunt (N. Y.) 18 N. E. 107, it is said:

"The statute has surrounded the execution of wills with certain formalities in order to prevent imposition, undue influence, and fraud; but it is well settled by authority that a substantial compliance with the statute is always sufficient. No particular form of words is required or necessary to effect publication."

In the case of Appeal of Knox (Pa.) 18 Atl. 1021, Harriet Knox left the following document written with a lead pencil:

"A few little things I would love to have done. Always keep Vicie and Pet, if possible. Mama to have everything she wants, with a few exceptions of remembrances. Please let sister have my house rent as long as she may live; then may my little namesake have it * * * Take good care of Vicie 'somebody' as long as she lives.
"Saturday. Harriet."

This will was sustained as a will, the court saying:

"Though, therefore, we find no precise precedent, yet the analogies are all favorable, rather than otherwise to the sufficiency of a signing by first name only, if it meets the other requirements of the act. These are matters depending on circumstances which will be considered further on. * * *

"The signatures of neither Rufus Choate nor General Spinner could be rejected, though no man, unaided, could discover what the ragged marks made by either of those two eminent personages were intended to represent. Nor is there any fixed requirement how much of the full name shall be written."

What, therefore, shall constitute a sufficient signature must depend laigely on the custom of time and the habit of the individual, and the circumstances of each particular case. As already seen, the English and some of our cases hold that a signature by initials only, or otherwise, and short of the full name, may be a valid execution of a will or a contract, if the intent to execute is apparent.

Under Pennsylvania case, Fosselman v. Elder, 98 Pa. St. 159, Elizabeth Fosselman had made a formal will. After her death the executors found in her papers a sealed envelope inscribed "To Bella; this is for her to open." Inside was a note for $2,000 and a paper containing these words:

"Lewiston, Oct. 2nd, 1879. My wish is for you to draw this two thousand dollars for your use should I die sudden. Elizabeth Fosselman."

The question was whether the deceased had sufficiently designated plaintiff as the object of her bounty. It was held that she had, and the court said:

"Without pursuing the subject further we are of the opinion that the inscription on the envelope should be read as the preface to and in connection with the paper inclosed therein, and that they together constitute a valid testamentary disposition of the accompanying note, operating as a codicil to the will of the testatrix."

Under the case of Wise v. Short (N. C.) 107 S. E. 134, the purported will was a will written in Syrian and in the following form:

"Brother Richard, take care of yourself and stay with William at the store. I am going to the hospital on account of not feeling well. I hope God nothing happens, but if it does, everything is yours. Got some money in the bank, but don't know how much we owe on house. Mr. Buchanan will tell you. We do not owe anything else except that. I hope in a few days I will come back. All papers at the same bank we deal with, box 305.

" (Signed) Brother Alex."

It was admitted to probate as a holographic will.

In Alexander v. Johnson (N. C.) 88 S. E. 785, the will consisted of two documents, namely, an envelope on which deceased had indorsed "Julia W. Johnson Will," and inside the envelope another paper in the following words:

"Little Mills, Richmond Co., March 31, 1911.

"My mind being as sound as usual, I hereby make my will.

"To my dear mother, if she survives me, I will my farm in Gaston Co., that is, my part of my father's plantation.

"To my married sisters, and to my little niece, Margaret Barton Alexander, I leave the remainder of my property, to be equally divided."

These two documents were held to be a good and valid holographic will and that the indorsement on the envelope in the handwriting of the testator was sufficient as a signature.

Another North Carolina case is Cole's Will, 87 S. E. 962. A husband and wife both signed the following paper:

"We give and bequeath to the Methodist Orphanage situated at Raleigh, North Carolina, all our real and personal property after paying all our just debts and giving a decent burial and headstones to our graves.

"Duncan Cole.
"Georgia Cole.

"This Jan'y. 30, 1912.
"Sanford, Lee Co., N. C."

It was all in the handwriting of Duncan Cole, excepting the signature of the wife. The husband died first and the paper was admitted to probate as his holographic will It was held that the signature of the wife could be disregarded and that so disregarding it the remainder answered all the requirements of the statute.

In Arendt v. Arendt (Ark.) 96 S. W. 982, William Arendt, just before committing suicide, wrote the following to his wife:

"Little Rock, Ark. 2-7-1904.
"Mrs. Sarah Arendt, City:

"Dear Wife: You will find everything all right, I hope. Whatever, I have in worldly goods, it is my wish that you should possess them. I have hoped against hope that everything would come out all right, but I see it is useless. Please mail those letters that I handed you is all I ask of you. So good bye, sweetheart.

"Yours,
"Will."

This was held to be a good holographic will, and the signature by the abbreviated first name only of the deceased a good and sufficient compliance with the statute as to signing.

In Pilcher v. Pilcher (Va.) 84 S. E. 667, Edwin M. Pilcher of Richmond, Va., being on his deathbed, said to his wife, who was sitting beside him writing a letter: "I am going to make my will." She tried to dissuade him, but he reached over and took from her the pencil and uncompleted letter, and the book or magazine on which she was writing, and on the back of a sheet of paper on which Mrs. Pilcher had already written part of her letter, he wrote the following words:

"I give to my wife Alice McCabe·Pilcher all my property, real and personal.
"E. M. P."

After his death it was offered for probate and allowed. The court held that initials were a sufficient signature.

Under the case of Barnes v. Horne (Tex.) 233 S. W. 859, the will was a letter which began "Dear Bud" and was signed "Your brother, Ed."

"Key West, Florida,
"Feb. 18, 1918.

"Dear Bud:

"I have received all of your letters and am sorry that I haven't answered before now. (Here follow details of desired disposition of property.)

"I would like to be back in good old Los Angeles and see those fights. I often think of Los Angeles and I have had the blues ever since I left there. I often think of that town. Will close for this time hoping to hear from you again. Love to baby and Elsie. I am,

"Your brother,
"Ed."

This was held sufficient signature to comply with the statute.

The case of Graham v. Edwards (Ky.) 173 S. W. 127, involved a holographic will which the testator wrote on a single sheet of foolscap paper. The will was all written on one side of the paper and entirely filled the last line, leaving no room below for signing. The statute of Kentucky requires signing at the end of the writing. The name of the testator was, however, signed on the vertical marginal line, about an inch from the left hand margin of the paper, beginning at the bottom of the sheet and extending upward about half its length. This was held to constitute a sufficient compliance with the statute and the paper was ordered admitted to probate.

Another case is the case of La Rue v. Lee et al. (W. Va.) 60 S. E. 389. The will
106—5

consisted of two sheets of note paper written upon originally with a purple indelible pencil, but contained some erasures and interlineations with a black graphite pencil. In the same drawer with these two sheets of paper was also found a separate unnumbered sheet of the same size, on which, in the handwriting of the deceased, was written, "I may change my will," then proceeds to set forth what changes might be made, ending with these words: "If I dont make these changes my will must stand as I have it now Roat." The original two sheets were held to constitute a good and sufficient holographic will and admitted to probate.

The following cases from the Supreme Court of Oklahoma will show that this court has adopted the substantial compliance rule: Hill v. Davis, 64 Okla. 253, 167 Pac. 465; Dunlap v. Dunlap. 87 Okla. 95, 209 Pac. 651; Davis v. Davis, 86 Okla. 265, 207 Pac. 1065.

In the case of Hill v. Davis, Justice Miley states the rule as follows:

"The right to dispose of property by will is a creature of the statute. The Legislature has the power, in granting the right, to determine and prescribe the form and manner in which it shall be exercised. In requiring that the testator shall declare to two attesting witnesses that the instrument not in his own handwriting is his will, the Legislature no doubt intended it as a safeguard. The provisions of the statute quoted are mandatory, and there must be a substantial compliance therewith."

Taking the provisions of our statute on interpretation of wills above quoted, and the decisions of our Supreme Court, we are constrained to hold that Oklahoma is inclined to the liberal construction or substantial compliance rule, and applying these rules to the record in this case and the will here involved, we hold that the date "November, 1919" is a substantial compliance with the statute. It is not intended, however, by this decision to announce the conclusion here reached as a rule by which to measure the sufficiency of the date or signature of any other holographic will than the one here involved. The construction to be placed upon our statute governing this class of wills is left open for determination wherever its construction is more imperatively demanded by the facts of some particular case; and this being the only objection made on this appeal to the validity of the purported will of John D. Hail, the judgment of the district court admitting said will to probate was right, and its judgment should in all things be affirmed.

By the Court: It is so ordered.