[Civ. No. 9696.    Third Dist.    Oct. 7, 1959.]

Estate of AMELIA E. CARSON, Deceased. FRED H. LUNDBLADE, Appellant, v. MARJORIE AVERY et al., Respondents.

Hill & Dalton and John M. Dalton for Appellant.

Clarence Coonan, Carl L. Christensen, Jr., and Litts, Mullen & Perovich for Respondents.

WARNE, J. pro tem.[*]—This is an appeal from an order denying probate of a testamentary instrument purporting to be the holographic last will and testament of Amelia E. Carson, deceased.

The instrument was denied probate upon the ground that it is "not dated" by the deceased within the meaning of section 53 of the Probate Code defining a holographic will.

The instrument was written by and entirely in the handwriting of the deceased but the date of its execution reads: "May    1948." Thus the day of the month is omitted. The only question for solution is whether "May    1948" consti-

---

[*]Assigned by Chairman of Judicial Council.

tutes a date within the meaning of section 53 of the Probate Code. The section provides, in part: "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed."

In construing this section our appellate courts have uniformly held that the day, month and year must be designated and that specification of the month and year is insufficient. (*Estate of Price,* 14 Cal.App. 462 [112 P. 482], and cases cited therein; *Estate of Maguire,* 14 Cal.App.2d 388, 389-390 [58 P.2d 209]; *Estate of Fritz* (1951), 102 Cal.App.2d 385 [227 P.2d 539].) Petition for hearing by the Supreme Court was denied in each of the foregoing cited cases.

Appellant concedes that the decision in the *Estate of Fritz, supra,* is adverse to the position taken by him. However, he contends that the law should be reexamined and modified with respect to the "entirely dated" policy rule where there is evidence of an undisputed intention to execute a testamentary document and dispose of one's property; that "the policy rule should be modified by holding that 'entirely written, dated and signed' means in regard to the date that the month and year is ample." The answer to appellant's contention is found in *Estate of Fritz, supra.* In that case in substance the same contention was made as herein and likewise many of the cases relied upon by appellant were cited and considered. We quote from page 394 of said opinion:

"The final argument presented by appellant is that the Supreme Court's early interpretation of section 53 of the Probate Code (*Estate of Martin,* 58 Cal. 530, etc.) are outmoded, 'backward,' 'harsh and uncompromising' and should be brought 'abreast with humanitarian progress of modern law.' She contends that 'December 1946' is such a reasonable compliance with the statute that the intention of the testator is frustrated by a holding that such date invalidates the will. She cites numerous California decisions (*Estate of Chevallier,* 159 Cal. 161 [113 P. 130]; *Estate of Lakemeyer,* 135 Cal. 28 [66 P. 961, 87 Am.St.Rep. 96]; *Estate of Durlewanger,* 41 Cal.App.2d 750, 752 [107 P.2d 477]; *Estate of Wilkinson,* 113 Cal.App. 645 [298 P. 1037]; *Estate of Fay,* 145 Cal. 82 [78 P. 340, 104 Am.St.Rep. 17]; *Estate of Akeley,* 35 Cal.2d 26 [215 P.2d 921]) wherein the rule was interpreted and some cases from other jurisdictions (*Bailey* v. *Teackle,* Wythe (Va.) 173; *In re Hail,* 106 Okla. 124 [235 P. 916]; *Estate of Irvine,* 114 Mont. 577 [139 P.2d 489, 147 A.L.R.

882]) which support her contention. The answer to such arguments is: (1) The statute says it must be entirely dated by the holographic author; (2) the Supreme Court has held for 70 years that compliance with the requirements of this section 'is essential to the validity of a document as an holographic will, viz., that it be *entirely* written, dated, and signed by the hand of the testator himself' (*Estate of Thorn*, 183 Cal. 512, 514 [192 P. 19]; *Estate of Billings*, 64 Cal. 427 [1 P. 701]); (3) if the Legislature had been displeased with such interpretation it would have modified the statute; (4) if it is not a rational interpretation the Supreme Court will reverse its former holdings; (5) an excess of virtue in the decision of an outside jurisdiction does not cause it to prevail over the settled judicial policy of this state; (6) to transmit one's property by will does not arise from a congenital right but is a privilege granted by the state; and in enacting regulatory rules governing the forms of wills as well as the order of succession the Legislature may fix certain arbitrary requirements.''

It is the duty of this court to follow the law as it is interpreted by the Supreme Court.

The order is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 2, 1959. Peters, J., was of the opinion that the petition should be granted.