112 Cal.App.3d 81 (1980)
169 Cal. Rptr. 126
Estate of ALINE BONENFANT RUDOLPH, Deceased.
THERESE L. BONENFANT, Petitioner and Appellant,
v.
RICHARD D. TABERY, as Administrator With the Will Annexed, etc., et al., Objectors and Respondents.
Docket No. 48141.
Court of Appeals of California, First District, Division Four.
November 14, 1980.
*82 COUNSEL
Feldman, Waldman & Kline, Patricia S. Mar, Richard Roisman and Kristina E. Harrigan for Petitioner and Appellant.
Penaluna, Penaluna & Townsley, Aleck Townsley and William W. Penaluna for Objectors and Respondents.
OPINION
POCHE, J.
This is an appeal from an order denying probate to a handwritten instrument purporting to be the last will and testament of the deceased.
Aline Bonenfant Rudolph died August 16, 1978. In an uncontested proceeding her formally executed will and codicil signed in 1956 and in 1960 respectively were admitted to probate and respondent was appointed administrator with the will annexed. Four months later appellant, *83 decedent's sister, petitioned both for revocation of that order and for admission to probate of the holograph which does not mention a month of execution. It is dated simply "Monday 26, 1978."
Without objection the trial court took judicial notice that in the year 1978 only once did the 26th day of a month occur on a Monday: in June. Nevertheless, the petition was denied on the sole ground the document did not contain an "entire" date.
We reverse.
It has long been recognized that the statutory[*] requirement of a date serves two purposes: (1) it allows evaluation of testamentary capacity as of the specific time the instrument was executed, and (2) in situations like this where more than one document is offered for probate, it permits determination of which is in fact the last will. (See e.g., Estate of Wilkinson (1931) 113 Cal. App. 645 [298 P. 1037].)
Although some decisions contain language which if read out of context require inscription of the month, the day, and the year (cf., e.g., Estate of Vance (1916) 174 Cal. 122 [162 P. 103]) each California case finding dating insufficient involves a situation where reference could be to more than one day. In such circumstances the purposes of the Probate Code could not be met. (See for example, Estate of Carpenter (1916) 172 Cal. 268 [156 P. 464] ["10 1912"]; Estate of Vance, supra, 174 Cal. 122 ["22nd day of March in the year of our Lord, one thousand"]; Estate of Moody (1953) 118 Cal. App.2d 300 [257 P.2d 709] ["Nov. 21 Thanksgiving Day"]; Estate of Carson (1959) 174 Cal. App.2d 291 [344 P.2d 612] ["May 1948"]; Estate of Hazelwood (1967) 249 Cal. App.2d 263 [57 Cal. Rptr. 332] ["1965"].) Not one of the cases involves a dating which could refer to only one day.
(1) Judicial notice to complete technically incomplete dates on holographic wills is not unusual. (See for example, Estate of Lakemeyer (1901) 135 Cal. 28 [66 P. 961] ["Nov. 22, 97"]; Estate of Chevallier (1911) 159 Cal. 161 [113 P. 130] ["4-14-07"].) Here, such notice of the 1978 calendar has corrected the facially incomplete dating. Thus, *84 without resort to extrinsic evidence, the inscription "Monday 26, 1978" becomes "Monday, June 26, 1978." Both capacity and chronology may now be appropriately determined.
The order denying probate of the document dated Monday, 26, 1978 is reversed. The matter is remanded to the trial court for proceedings not inconsistent with this opinion.
Christian, Acting P.J., and Koford, J.,[**] concurred.
NOTES
[*] Probate Code section 53 provides: "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will."
[**] Assigned by the Chairperson of the Judicial Council.