IN RE ESTATE OF DOROTHY I. WELLS, DECEASED.
JANE W. LONG, APPELLANT, V. KATHRYN J. ANDERSON ET AL.,
APPELLEES.

497 N.W.2d 683

Filed April 2, 1993. No. S-90-1268.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

Thomas M. Locher and Kevin J. Dostal, of Hansen, Engles & Locher, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

This case involves the validity of a holographic will executed by the decedent, Dorothy I. Wells, who died March 3, 1989. She was survived by her sister, Kathryn J. Anderson, and her three nieces, Jane W. Long, Joan Schukei, and Patricia Hootman.

On October 13, 1969, the decedent executed a will which satisfied the requirements of the Nebraska Probate Code relating to the execution of a will. This will provided that if Wells was survived by her sister, Anderson, the entire estate was devised and bequeathed in trust for the benefit of Anderson during her lifetime, the income to be distributed to Anderson during her lifetime, with the remainder to Long, Schukei, and Hootman, the nieces of the decedent. The trustee was authorized to distribute such sums of the principal for the benefit of Anderson as deemed necessary for her medical care, comfortable maintenance, and welfare. The will was informally admitted to probate March 13, 1989.

On May 11, 1989, Long filed a petition in the county court for Douglas County for the formal probate of a holographic will, alleged to have been executed by the decedent. The holographic will provided: "Oct - 1985 I hereby appoint Jane Long - as executor of my estate - Anita Gardner is my personal banker -

She'll help - Norwest Banks - 20th & Farnum [sic] present will is out dated - I leave all assetts [sic] to Jane - Dorothy Wells."

The parties stipulated that the holographic will was entirely in the handwriting of the decedent.

Anderson, Schukei, and Hootman filed objections to the formal probate of the holographic will. The objectors alleged that the holographic will was not the free and voluntary act of the decedent; that the decedent was of unsound mind during the time relevant to the making of the holographic will; and that the material provisions of the holographic will, the indication of the date of signing, and the signature were not all in the handwriting of the decedent.

On November 30, 1990, the objectors filed a motion for summary judgment, which the trial court sustained on December 17. The trial court specifically found that the holographic will failed to comply with the provisions of Neb. Rev. Stat. § 30-2328 (Reissue 1989), relating to an indication of the date of signing, and declared the holographic will to be invalid. From that judgment, the proponent has appealed.

The proponent has assigned as error the finding that as a matter of law, the holographic will was invalid.

Section 30-2328 provides the statutory authority for a holographic will. It states:

> An instrument which purports to be testamentary in nature but does not comply with section 30-2327·is valid as a holographic will, whether or not witnessed, if the signature, the material provisions, and an indication of the date of signing are in the handwriting of the testator and, in the absence of such indication of date, if such instrument is the only such instrument or contains no inconsistency with any like instrument or if such date is determinable from the contents of such instrument, from extrinsic circumstances, or from any other evidence.

The two purposes of requiring a date on a holographic will are to enable courts to determine if the testator had the requisite testamentary capacity at the time the will was executed and to determine, when more than one document is offered for probate, which is the last will. *Bonenfant v. Tabery*, 112 Cal. App. 3d 81, 169 Cal. Rptr. 126 (1980); *In re French's Estate*, 137

Mont. 228, 351 P.2d 548 (1960).

The California appellate courts have determined that specification of only a month and year in a holographic will is insufficient compliance with the probate code because reference could be to more than one day. See, *Bonenfant, supra*; *Estate of Carson*, 174 Cal. App. 2d 291, 344 P.2d 612 (1959).

The Montana Supreme Court has held that a holographic will dated by only a month and year substantially complied with its probate statute. *In re Irvine's Estate*, 114 Mont. 577, 139 P.2d 489 (1943). According to the Montana Supreme Court, the purpose of the requirement of a date on a holographic will can be satisfied if given the month and the year. *In re French's Estate, supra*.

We believe that the better rule is that when the purposes for requiring a date on a holographic will can be satisfied, a holographic will dated by only a month and year substantially complies with the provisions of § 30-2328. However, in the present case, both purposes have not been satisfied.

The objectors have raised an issue as to the decedent's testamentary capacity.

At the hearing on the motion for summary judgment, the objectors offered an affidavit of Dr. James J. Shehan, which was received in evidence. Dr. Shehan had reviewed the records of the decedent's personal physician and the records of Methodist Hospital and the Lutheran Medical Center concerning treatment received by the decedent. It was his opinion that due to an injury for which the decedent had been treated on September 30, 1985, the decedent was not competent and lacked testamentary capacity and because of the extent of the injury, the decedent's decrease in mental function would not have cleared in less than 7 days.

The proponent offered affidavits of Lorraine Cobb and Myrna Robbins, which were also received in evidence.

When the decedent resided at Drake Court Apartments, Cobb was employed as a general custodian from October 1979 to December 31, 1989. Cobb had contact with and talked to the decedent almost every day during that time until March 1988. At no time did the decedent appear to be confused or fail to

recognize Cobb. Cobb occasionally did shopping for the decedent, who provided a written shopping list which was legible. The decedent always provided a reasonable and adequate amount of money for the items she ordered.

The proponent also introduced an affidavit by Robbins, the resident manager at Drake Court Apartments from August 1980 to July 1990. During her employment, the affiant became acquainted with the decedent and had frequent contact with her both in person and by telephone. According to Robbins, the decedent always paid her rent in person with a check. The decedent did not require a receipt, stating, " 'My check is my receipt.' " In 1988, the decedent advised Robbins that Long was her sole heir and was to be her executor. According to Robbins, during the entire time of her residence at Drake Court Apartments, the decedent "always knew where she lived, was always rational and completely able to handle all of her own affairs."

We think the evidence presented at the hearing on the motion for summary judgment presented a question of material fact as to the testamentary capacity of the decedent.

A summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom and that the moving party is entitled to judgment as a matter of law.

*McCormack v. First Westroads Bank*, 238 Neb. 881, 883, 473 N.W.2d 102, 105 (1991).

Because the record presents a genuine issue of material fact as to the testamentary capacity of the decedent, the trial court erred in sustaining the objectors' motion for summary judgment. The judgment is reversed and the cause remanded for trial on the issue of whether the decedent possessed the requisite testamentary capacity at the time the holographic will was made.

REVERSED AND REMANDED.

WHITE, J., dissenting.

I agree that an issue of fact exists as to testamentary capacity,

necessitating a reversal of the summary judgment. However, I would not remand the cause for trial, convinced as I am that the admission of the document to probate as a valid holographic will is specifically forbidden by Neb. Rev. Stat. § 30-2328 (Reissue 1989), requiring the instrument to be dated. Instead, I would dismiss the petition with prejudice.

HASTINGS, C.J., joins in this dissent.