[Department Two. — January 4, 1884.]

IN THE MATTER OF THE ESTATE OF E. L. BILLINGS, DECEASED.

64   427
d135   30

OLOGRAPHIC WILL — VALIDITY. — A paper offered for probate as an olographic will, *held*, to be invalid because a portion of the date was printed.

APPEAL from an order of the Superior Court of the county of Sacramento.

The facts are stated in the opinion of the court.

*Young, Young & Dunn*, and *A. C. Freeman*, for Appellant.

*S. C. Denson*, for Respondent.

MYRICK, J. — The body of the script proposed as an olographic will was entirely written and was signed by the hand of the deceased. The date reads thus "Sacramento, April 1st, 1880." The words "April 1st" were written by the deceased, the balance was printed, the deceased having, evidently, taken a sheet of paper with a letter-head, stating the business and location of his firm, the name of the place "Sacramento," and the year "1880," printed, and filled in the month and day, "April 1st."

We had occasion to consider the principle underlying the facts of this case, in *Estate of Martin*, 58 Cal. 530, and *Estate of Rand*, 61 Cal. 468. Section 1277, Civil Code, requires that a paper, to constitute an olographic will, must been tirely written, dated, and signed by the hand of the testator. It must be entirely written, it must be entirely dated, and it must be entirely signed by him. If it be partly written by him and partly written by another, or printed; if it be partly dated or signed by him and partly by another, it is not a compliance with the statute. The words "April 1st" do not constitute a date — do not show on what April 1st the paper was written — there being, as was suggested on the argument, many days "April 1st," in the life of any man; it was requisite that the whole date, April 1, 1880, should have been written by him in order to comply with the statute.

Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.