[S. F. No. 2655.    Department Two.—December 7, 1901.]

In the Matter of the Estate of EUGENE EDWIN LAKE-MEYER, Deceased. LIZZIE R. BLIZZARD, Respondent, v. JOHN A. DRINKHOUSE et al., Appellants.

OLOGRAPHIC WILL—DATE—ABBREVIATIONS.—An olographic will, wholly written, dated, and signed by the testator, and dated ''New York, Nov. 22, /97,'' is not vitiated by the abbreviations in the date, they being only such as are customary, generally recognized, and universally understood, as clearly as if the words were written out in full.

ID.—JUDICIAL NOTICE OF CUSTOMARY ABBREVIATIONS.—The courts will take judicial notice of the meaning of customary abbreviations of common words, including all conventional expressions or arbitrary signs that have passed into common use.

APPEAL from an order of the Superior Court of the City and County of San Francisco revoking the probate of an olographic will. J. V. Coffey, Judge.

The facts are stated in the opinion.

A. Ruef, and George B. Keane, for Appellant.

Carl Westerfeld, for Respondent.

SMITH, C.—This is an appeal from an order revoking the probate of a will. The appellant is the administrator with the will annexed, John A. Drinkhouse; the respondent, a sister of deceased, Lizzie R. Blizzard, who contested the will.

The will is dated ''New York, Nov. 22, /97,'' and, it is admitted, was wholly written and signed by the testator. The

only question in the case is whether the words and figures quoted constitute a date, or, in other words, whether the will was *dated,* as required by the provisions of section 1277 of the Civil Code.

This question, we think, must be determined in the affirmative. The object of writing is merely to express the thought or intention of the writer; and this may be as effectually done by abbreviations of words or other conventional signs, if commonly used and generally recognized, as by words fully written or spoken. Such abbreviations form, indeed, part of language, and do not differ essentially in their nature from words, which, like them, are themselves merely signs of thoughts. Hence " the courts will determine the meaning of customary abbreviations of common words . . . without proof "; and, especially,—having regard to the present case,—they will " take judicial notice of abbreviations ordinarily used to designate time, such as those for the month, ·forenoon, afternoon, etc." (1 Am. & Eng. Ency. of Law, 2d ed., pp. 97-99.) And under the head of abbreviations are to be included all conventional expressions or arbitrary signs that have passed into common use, such, for example, as punctuation-marks, the Arabic numerals, and other mathematical signs, and similar signs used by merchants, such as the dollar-mark ($), the sign " %," meaning " per cent," " c/o," meaning "care of," etc. (Abbott's Law Dictionary, word "Abbreviations"; Webster's Dictionary, App.; 1 Am. & Eng. Ency. of Law, 2d ed., p. 98; *People* v. *Empire G. & S. M. Co.,* 33 Cal. 174; Code Civ. Proc., sec. 186.) This usage is referred to and impliedly accepted in the provision of the code cited, where it is provided that "such abbreviations as are in common use may be used, and numbers may be expressed by figures or numerals, in the customary manner," which is to be understood, therefore, as simply applying to judicial proceedings a rule elsewhere universal. The rule is in fact but a deduction from the fundamental principle of interpretation, that contracts and wills are to be interpreted according to the intention of the party or parties. (Civ. Code, secs. 1317, 1636; Code Civ. Proc., sec. 1856, which equally applies to olographic wills as to others; *Estate of Stratton,* 112 Cal. 516; *Mitchell* v. *Donohue,* 100 Cal. 202, 208-209.[1])

---

[1] 38 Am. St. Rep. 279.

In this case the expression under consideration is entirely unambiguous, and to every one familiar with the usage of the language it expresses the month, day, and year as clearly as though these had been written out in full. It is, or, rather, during the century just expired it was, the common usage— universally understood—to designate the year by the last two figures of its number, omitting the figures designating the century; and in writing, the same usage is observed, with the addition that sometimes a dash, or (as in *Estate of Behrens,* 130 Cal. 416) a comma, or (as in this case) a slanting line is used to denote the omission. In the cases cited by the respondent's counsel (*Estate of Billings,* 64 Cal. 427; *Succession of Robertson,* 49 La. Ann. 868[1]) it was otherwise. There, omitting the printed matter, all that was left to designate the year was the last figure of the number,—that is, the number of the year in the decade, without designating the decade of the century,—thus leaving the year "to mere conjecture."

We advise that the order appealed from be reversed and the cause remanded, with directions to the lower court to dismiss the appellant's contest of the will.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded, with directions to the lower court to dismiss the appellant's contest of the will.       Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.

---

[1] 62 Am. St. Rep. 672.