[Sac. No. 2371. In Bank.—March 8, 1916.]

In the Matter of the Estate of SAMUEL CARPENTER, Deceased; MARY DYE et al., Contestants and Respondents, v. ETHEL SHUTAN, Proponent and Appellant.

WILL—STATUTORY REQUIREMENTS—COMPLIANCE WITH ESSENTIAL TO VALIDITY.—The privilege of making testamentary disposition of property is not an inherent or even a constitutional right; it is wholly statutory, and compliance with the statutory requirements is absolutely necessary to the validity of any instrument offered as a testament.

ID.—HOLOGRAPHIC WILL MUST BE DATED.—The general rule that the provisions of the code "are to be liberally construed with a view to effect its objects," does not excuse lack of substantial compliance with the statutory requirement that a holographic will must be dated by the testator.

ID.—INSUFFICIENT DATE.—The words and figures "Winters Yo lo Co 10 1912," are insufficient as a date to a holographic will, within the meaning of the requirement of section 1277 of the Civil Code, that such a will must not only be entirely written and signed by the testator, but must also be dated.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

Roland Becsey, H. I. Stafford, and Stafford & Stafford, for Appellant.

Taylor & Tebbe, Black & Clark, and W. A. Anderson, for Respondents.

MELVIN, J.—Ethel Shutan offered for probate a writing purporting to be the holographic will of Samuel Carpenter, deceased. The probating of said instrument was opposed by Mary Dye and a number of other persons who, admittedly, would share in the distribution of the estate of Samuel Carpenter in the event of intestacy. There were several grounds of contest, but the court sustained the opposition to the probate of the instrument upon the sole ground that the alleged holographic will was not dated. From the judgment which followed, and from the order denying her motion for a new trial, the defendant and proponent appeals.

The document which was found to be in Samuel Carpenter's handwriting, and signed by him, was written upon a single sheet of paper and the first line was as follows: "Winters Yo lo Co 10 1912." The sole question presented to this court, therefore, relates to the sufficiency or insufficiency of the quoted words, abbreviation, and figures as a date, in contemplation of the requirement of section 1277 of the Civil Code that a holographic will must not only be entirely written and signed by the testator, but must also be dated.

The authorities without exception hold that the privilege of making testamentary disposition of property is not an inherent or even a constitutional right; that it is wholly statutory; and that since the legislature has seen fit to impose certain requirements looking to the execution of a will, compliance with these exactions is absolutely necessary to the validity of any instrument offered as a testament. No citation of authority seems necessary to support a rule so well known and widely recognized, but if any were needed such cases as *In re Walker*, 110 Cal. 390, [52 Am. St. Rep. 104, 30 L. R. A. 460, 42 Pac. 815], and *Estate of Price*, 14 Cal. App. 463, [112 Pac. 482], settle the question in California beyond peradventure, and the general rule that the provisions of the code "are to be liberally construed with a view to effect its objects," has never been stretched to excuse lack of substantial compliance with the statutory requirement that a holographic will must be dated by the testator. (*Estate of Martin*, 58 Cal. 532; *Estate of Rand*, 61 Cal. 474, [44 Am. Rep. 555]; *Estate of Billings*, 64 Cal. 427, [1 Pac. 701]; *In re Plumel*, 151 Cal. 79, [121 Am. St. Rep. 100, 90 Pac. 192].)

Appellant's first contention is that the figures "10 1912" might be read as meaning "the 10th month, the 19th day and the year 1912," thus coming within the ruling in *Estate of Chevallier,* 159 Cal. 170, [113 Pac. 130], and *Estate of Lakemeyer,* 135 Cal. 28, [87 Am. St. Rep. 96, 66 Pac. 961]. The doctrine of those cases is merely that well-known abbreviations may be used in compliance with the code provision in reference to holographic wills, as, for example, "4-14-07" meaning "April 14th, 1907." But no such abbreviation was attempted in the will here considered. The photographic reproduction of the instrument which accompanies the record shows the figures "10" followed by a space after which the figures "1912" are written in a group obviously intended to represent the year. It is impossible to determine whether the number "10" represented or was intended to represent the month of October or the 10th day of some other month.

In *Estate of Price,* 14 Cal. App. 463, [112 Pac. 482], where the writing under examination had only the year written upon it, the district court of appeal held that the word "date" means the year, month, and day. Unquestionably that is the popular as well as the technical meaning. That case followed the well-known authority, *Heffner* v. *Heffner,* 48 La. Ann. 1089, [20 South. 281], wherein the reasons for the rule requiring a date to a will and the interpretation given to said rule by the French jurists and commentators upon the Code Napoleon are fully and ably discussed. In *Estate of Anthony,* 21 Cal. App. 157, [131 Pac. 96], it was held that the omission of the name of the month from the supposed date of a holographic will was fatal to its validity.

The alleged date as written by Mr. Carpenter lacked the most essential requisite of a date as defined by our decisions and that is definiteness. From it we may not determine whether one making an attack upon the testamentary capacity of the writer would be compelled to confine his proof to the month of October, 1912, or in establishing Mr. Carpenter's lack of mental equipment, be required to establish the testator's disqualification on the 10th of each month of that year. We can see no escape from the logic of the ruling of the probate court that the alleged holographic will was not dated.

There is nothing in *Estate of Fay,* 145 Cal. 83, [104 Am. St. Rep. 17, 78 Pac. 340], in conflict with that which is

written above. In that case there was upon the instrument offered as a will a date setting forth a day, month, and year. By an evident clerical blunder the year was written "1859" when probably "1889" was meant. This was held not fatal to the validity of the will because the statute required a "date," not necessarily one which might not have been corrected upon showing of a clerical error.

It follows that the judgment and order must be affirmed and it is so ordered.

Shaw, J., Sloss, J., Henshaw, J., Lawlor, J., Lorigan, J., and Angellotti, C. J., concurred.