[S. F. No. 7745.  Department One.—December 23, 1916.]

## In the Matter of the Estate of ROBERT A. VANCE, Deceased.

HOLOGRAPHIC WILL—INSUFFICIENT DATE.—A document undated, except in the manner contained in the recital, "I have subscribed my name and affixed my seal this 22nd day of March, in the year of our Lord one thousand," does not comply with the requirement of section 1277 of the Civil Code that a holographic will must be dated by the hand of the testator.

ID.—DATE MUST STATE DAY, MONTH, AND YEAR.—A date which is incomplete, because lacking a statement of either the day, the month, or the year of execution, does not satisfy the statutory definition of a holographic will. But the instrument, if it bears a statement of the day, the month, and the year, is not invalidated because one or more of these elements may be incorrectly given.

APPEAL from an order of the Superior Court of the City and County of San Francisco, dismissing a petition for revocation of the probate of a will.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Clarence Coonan, and Nat Schmulowitz, for Appellants.

Robert J. McGahie, Joseph H. Mayer, and George D. Perry, for Respondents.

SLOSS, J.—On October 16, 1914, a paper was admitted to probate as the holographic will of Robert A. Vance, deceased.

Within due time, certain heirs of said decedent filed their petition for the revocation of the probate, alleging that the paper was not dated except in the manner following: "I have subscribed my name and affixed my seal this 22nd day of March, in the year of our Lord one thousand." To this petition the executor and certain beneficiaries demurred. Their demurrers were sustained and, the contestants declining to amend, the court gave judgment dismissing the petition for revocation of probate. The petitioners appeal.

From the testimony on the original application for probate, it appears that the instrument was in fact written by Vance in the year 1910. The single question is whether the words "this 22nd day of March in the year of our Lord one thousand" constitute a sufficient dating. Section 1277 of the Civil Code defines a holographic will as one "that is entirely written, dated, and signed by the hand of the testator." The omission of any of these requirements is fatal. "The legislature has seen fit to require three things to concur for the execution of a holographic will, viz., that it be written, dated, and signed by the hand of testator. We are not at liberty to hold that the legislature intended any one of these requirements to be of a greater or less importance than the others." (*Estate of Martin,* 58 Cal. 530.) "It must be entirely written, it must be entirely dated, and it must be entirely signed by him." (*Estate of Billings,* 64 Cal. 427, [1 Pac. 701].) Not only, therefore, will the instrument fail of validity as a holographic will if it bear no date at all (*Estate of Martin, supra*), but the same result will follow if the date be partly written by the hand of the testator and partly printed. In *Estate of Billings, supra,* the instrument bore the words ."April 1st, 1880." The words "April 1st," were written by the deceased, the figures "1880" were printed. It was held that probate must be

denied. So in *Estate of Plumel,* 151 Cal. 77, [121 Am. St. Rep. 100, 90 Pac. 192], where the paper was dated "January 12, 1904," the figures "190" in the year date being printed.

It is well settled that the paper, in order to comply with the requirement that it be dated, must designate a certain day, month, and year. In *Estate of Price,* 14 Cal. App. 462, [112 Pac. 482], the paper read, "Dated this —— day of ——, 1906." The ruling was that this did not meet the demand of the statute. The case is approved in *Estate of Carpenter,* 172 Cal. 268, [L. R. A. 1916E, 498, 156 Pac. 464], recently decided in this court, our holding being that a paper bearing the figures "10 1912" is not dated. The statute of Louisiana with reference to holographic wills is similar to our own, and the decisions in that state, too, are to the effect that a paper is not dated unless it contains a statement of the day, the month, and the year. (*Fuentes* v. *Gaines,* 25 La. Ann. 85; *Heffner* v. *Heffner,* 48 La. Ann. 1088, [20 South. 281]; *Succession of Robertson,* 49 La. Ann. 868, [62 Am. St. Rep. 672, 21 South. 586].)

The testator may use abbreviations in expressing the date. A will dated "Nov. 22/97" shows plainly enough that the date in the writer's mind was the twenty-second day of November, 1897, and is entitled to probate. (*Estate of Lakemeyer,* 135 Cal. 28, [87 Am. St. Rep. 96, 66 Pac. 961].) So where the date was "4-14-07" (*Estate of Chevallier,* 159 Cal. 161, [113 Pac. 130]), the court saying that "it would be difficult to find one at all versed in business or practical affairs who would not readily construe these numerals to mean April 14, 1907." While the will must bear a designation, in the testator's hand, of the day, the month, and the year of execution, it is not necessary that the date so given shall be that upon which the paper was in fact written. In *Estate of Fay,* 145 Cal. 82, [104 Am. St. Rep. 17, 78 Pac. 340], the instrument bore the date "May twenty-fifth, eighteen hundred and fifty-nine." The evidence showed that the instrument could not have been written in the year 1859, but that it was probably written in the year 1889. It was held that the error did not affect the validity of the will, the ground of the decision being that the statute does not require that the instrument be "truly dated," or "correctly dated," but merely that it be dated.

This brief review of the decisions points the distinction upon which the question in the present case turns. A date which is incomplete, because lacking a statement of either the day, the month, or the year of execution does not satisfy the statutory definition of a holographic will. But the instrument, if it bear a statement of the day, the month, and the year, is not invalidated because one or more of these elements may be incorrectly given. The respondents contend that Vance's will, like that of Fay, contains everything necessary to a date, and that the words "one thousand" do designate a year, although incorrectly. We think, however, that the acceptance of this claim would require a strained and unreasonable view of the situation. The true date of the paper, if fully expressed in the form adopted by the writer, would have been the "22nd day of November, in the year of our Lord one thousand nine hundred and ten." Undoubtedly the writing of the words "one thousand" alone was due to an inadvertence of some kind. But these words form no more than a part of the complete date in the mind of the writer. Taking into consideration the nature, even more than the extent, of the discrepancy between the year given and the year of actual execution, the only fair inference is that Vance failed to complete the date which he had begun to write. It is as if, stating the year in figures instead of words, he had written "November 22, 1 ," or November 22, 19 ." This would clearly have been an insufficient date. (*Succession of Swanson*, 131 La. 53, [58 South. 1030] ; *Succession of Swanson*, 132 La. 606, [61 South. 685].) In the Fay case the words "eighteen hundred and fifty-nine" represented a complete date. The date was not, to be sure, that of the actual writing of the instrument, but it did contain everything necessary to specify a date as that upon which the testator declared the paper to have been written. Here, on the other hand, the words "one thousand" described, not a year which the testator intended to describe as that of the execution of his will, but only a part of the designation of a year, the rest having been, for some unknown reason, omitted. Stating it otherwise, in the Fay case all that was needed to make the given date correspond to the true date was to change the erroneous word "fifty" to "eighty." Here the date given could not be made correct by any such substitution. To make it agree with the true date, we should have to add words to it, that is, we should

have to add "nine hundred and ten" to the words "one thousand." We think it cannot fairly be said that the paper was "entirely dated by the hand of the testator." The demurrer to the petition should therefore have been overruled.

The judgment is reversed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.