## BILDERBACK v. CITY OF KLAMATH FALLS.

'(District Court, D. Oregon. October 14, 1924.)

1. Municipal corporations ⊕⇒745½—Not liable for acts of officers under its powers as governmental agency.

Municipal corporation is not liable for acts of its officers in exercise of powers or duties granted to or imposed on it as mere governmental agency, and performed exclusively for governmental purposes, as distinguished from acts resulting from powers and duties granted to or imposed on it for its own profit or emolument.

2. Municipal corporations ⊕⇒736 — Nuisance not created by license for hotel having no fire escapes.

City having no duty imposed on it by charter or law to enforce state law governing fire escapes, its issuance of license for hotel having no fire escapes did not create a nuisance, relative to liability for burning of hotel guests; the license making no reference to such law, nor interfering with its enforcement, and not amounting to a representation to the public or patrons that hotel had proper escapes.

3. Municipal corporations ⊕⇒736—When liable for failure to abate nuisance stated.

Municipal corporation is not liable for failure to abate nuisance, unless created by its or on its property or in itself a breach of duty imposed on it.

At Law. Action by G. Bilderback against the City of Klamath Falls. Judgment for defendant.

O'Neill & Irwin, of Klamath Falls, Or., for plaintiff.

J. H. Carnahan and W. H. A. Renner, both of Klamath Falls, Or., and A. E. Reames, of Medford, Or., for defendant.

BEAN, District Judge. This action is brought by the plaintiff to recover damages. for the death of his wife and daughter, who lost their lives in a fire which destroyed a hotel in the defendant city in September, 1920. It appears from the pleadings that the hotel was being operated at the time under a license issued by the city, but was not then, or at the time the license was issued, equipped with fire escapes as provided by the state law, and by reason of that fact it is alleged that the deceased were unable to escape from the burning building. The defendant moves for judgment on the pleadings on two grounds: First, that, since it appears from the record that the death of the wife was instantaneous, the husband is not entitled to maintain an action on account of such death; and, second, that in any event the city is not liable under the facts as disclosed by this record.

I shall pass the first without notice, because I am satisfied from my examination that the second is well taken. It is claimed by the plaintiff that the hotel, in its condition at the time of the fire, and at the time the license was issued, was a public nuisance, inherently dangerous, and that the issuance of the license by the city was equivalent to the creation by it of a public nuisance.

[1] Now a municipality is not liable for damages resulting from the actions of its officers in the exercise of powers or duties granted to or imposed upon it as a mere governmental agency, and performed exclusively for governmental purposes. A plain distinction exists and is recognized by the courts and text-writers between such acts and those resulting from powers and duties granted to or imposed upon a municipality for its own profit or emolument, such as owning and operating public waterworks or electric light plants, or other public utilities, although their operation may result indirectly to the benefit of the public. The distinction is pointed out by the Supreme Court of the state in the Esberg-Gunst Case, 34 Or. 282, 55 P. 961, 43 L. R. A. 439, 75 Am. St. Rep. 651, and in many other subsequent cases, and is recognized by the authorities generally.

[2, 3] Now, in fact, so far as the record discloses, there was no duty imposed upon the city of Klamath Falls, either by its charter or the general laws of the state, to enforce the state law regulating fire escapes, nor to prohibit the operation of a hotel within the city, not so equipped, nor did the city assume that duty. The law governing fire escapes in hotels is a general law of the state. It is complete within itself, and imposes no duty whatever upon the municipality. The duty of inspection and enforcement is assumed by the state through its own agents; no act of the city could interfere therewith. There being no duty imposed upon the city to see that the state law governing fire escapes was observed, it cannot be said that the city, in issuing a license to operate a hotel, thereby created a nuisance because such hotel was not so equipped. A copy of the ordinance of the city under which the license was issued is appended to the complaint, and it goes no further than to require that the hotel shall be operated by persons of good moral character, and shall be so conducted as to protect the morals of the community. There is nothing said therein about the fire escapes or the state law on the subject. That matter is left wholly to state regulation.

The granting of a license to operate a hotel did not say to the public or the patrons of the hotel that it was equipped with proper fire escapes. The issuance of the license was the exercise of a mere governmental power, and not the act of the city in its proprietary or private capacity. A hotel in and of itself is not a nuisance, nor did the issuance of a license by the city to conduct one authorize the licensee to so conduct it as to constitute a public nuisance. The issuance of the license created no right or authority to violate the state law, nor to keep and maintain a hotel in violation thereof. If the licensee violated the law by failing to equip his hotel with proper fire escapes, the city is no more liable for damages resulting therefrom than it would be for damages caused by any other citizen operating such a hotel without a license from the city. Nor can it be said that the city is liable because it failed to prevent the operation of the hotel. The city is not liable for failure to abate a nuisance, unless it is created by it or is on its own property, or is in itself a breach of a duty imposed upon the city, as where it renders a public highway unsafe, and the like.

Now, in this case, a demurrer to the complaint was submitted to and overruled by Judge Wolverton. I should, of course, follow his ruling, regardless of my own views, if it appeared that the question now presented had been considered and passed upon by him; but his ruling was made upon a demurrer to the complaint. The questions now presented arise upon the entire pleadings—upon the record as made up, and from the memorandum filed by Judge Wolverton I do not understand that he considered or passed upon the questions that were submitted on the motion for judgment on the pleadings, and therefore feel at liberty to follow my own convictions in the matter.

And the conclusions are that the motion should be allowed, and judgment entered in favor of the defendant.