[Civ. No. 7814. First Appellate District, Division One.—April 27, 1931.]

In the Matter of the Estate of ANTOINETTE G. WILKINSON, Deceased. HARRY A. WILKINSON, Respondent, v. ALICE W. KADY et al., Appellants.

Ronald G. Stewart and J. A. Kennedy for Appellants.

Jones & Douglas for Respondent.

KNIGHT, J.—This is an appeal from an order admitting to probate an instrument purporting to be the holographic will of Antoinette G. Wilkinson, deceased, who died in Ala-

meda County on April 20, 1929. The instrument is entirely written, dated and signed by the hand of the testatrix herself, but the date it bears is "December—fourth, *nine* hundred and twenty-eight" (italics ours), and because of the error in designating the century it is contended that the instrument does not conform to the statutory definition of a holographic will (Civ. Code, sec. 1277), and consequently is invalid as such.

The right to make testamentary disposition of property is not an inherent right or a right of citizenship, nor is it even a right granted by the Constitution. It is derived solely from the statute and rests wholly upon legislative will. Consequently a compliance with the exactions and requirements prescribed by the legislature looking to the execution and authentication of wills is necessary to the validity of any document offered for probate as a testament; and while the primary rule governing the interpretation of wills when admitted to probate recognizes and endeavors to carry out the intention of the testator, that rule cannot be invoked in the construction of the statute regulating their execution (*In re Walker,* 110 Cal. 387 [52 Am. St. Rep. 104, 30 L. R. A. 460, 42 Pac. 815]; *Estate of Carpenter,* 172 Cal. 268 [L. R. A. 1916E, 498, 156 Pac. 464]). However, in determining whether a will has been executed in conformity with statutory requirements, it has long since been the declared policy of the courts of this state, "as of all other courts, to construe wills as valid, in preference to holding them void". (*Estate of Fay,* 145 Cal. 82 [104 Am. St. Rep. 17, 78 Pac. 340].)

One of the essential elements of a holographic will, as the same is defined by section 1277 of the Civil Code, is that the instrument shall be "dated . . . by the hand of the testator", which clause has been construed to mean that if the date be complete in designating the day, the month, and the year, the instrument is legally sufficient to satisfy the statute (*Estate of Vance,* 174 Cal. 122 [L. R. A. 1917C, 479, 162 Pac. 103, 104]; *Estate of Price,* 14 Cal. App. 462 [112 Pac. 482]). Furthermore, it is held that the date may be abbreviated by omitting therefrom all reference to the century, as where the date reads: "Nov. 22,/97" (*Estate of Lakemeyer,* 135 Cal. 28 [87 Am. St. Rep. 96, 66 Pac. 961]), or is designated thus: "4–14–07" (*Estate of*

*Chevallier,* 159 Cal. 161 [113 Pac. 130, 132]); also that if the date as written be complete in designating the day, the month, and the year, and is entirely written in the testator's hand, it is sufficient even though the date be incorrect (*Estate of Fay, supra; Estate of Vance, supra*). In so holding the court in the latter case said: " . . . the instrument, if it bear a statement of the day, the month, and the year, is not invalidated because one or more of these elements may be incorrectly given". In the Fay case the instrument bore date "May twenty-fifth, eighteen hundred and fifty-nine". The fact was that it was written and signed thirty years later, namely, May 25, 1889. There was nothing in the evidence, said the court, to suggest a reason for misdating the instrument except that the words "fifty-nine" were inserted "by mistake or carelessness . . . instead of the words 'eighty-nine'"; and in holding that the error did not invalidate the instrument as a will the court said: "It is declared in the Civil Code (sec. 1277) that 'a holographic will is one that is entirely written, dated, and signed by the hand of the testator himself'. This is the same provision as in the Code Napoleon. The instrument in this case is a holographic will, unless we hold that the word 'dated' in the above section means the actual and correct time when the instrument was written. The legislature has not used the words 'truly dated' nor 'correctly dated', but the word 'dated', which must be construed according to the approved usage of the language (Civ. Code, sec. 13), and in its primary and general sense. (Code Civ. Proc., sec. 1861.) If we should hold that the word 'dated' means the true and correct time when the will was written, then any difference shown between the date given in the instrument and the time when it was written would invalidate it. If, under such rule, a testator, in his right mind, by his own hand, should write his will and date it January 1, 1903, and it should be shown by oral evidence to have been written January 1, 1904, the will would be void; and yet we know by constant experience that business men many times during the first few days of the new year write the date of the old. And also many times we get the wrong impression as to the day of the month, and instead of the correct date write the date as of the day preceding, or even of the following day. The

word 'date' or 'dated' is often used as referring to the date or time *written* in an instrument; thus it is provided in our code that any date may be inserted in a negotiable instrument, whether past, present, or future. (Civ. Code, sec. 3094.) The Century Dictionary defines the verb 'date' 'to mark with a date, as a letter or other writing'. A will, other than a holographic will is not required to be dated, and as to all other wills, parol evidence is admissible to show the true date, even if contradictory of the written date. (Underhill on Wills, sec. 268.) A holographic will must be dated, for the reason that the legislature has said so, but we do not think it would be a sound rule to hold that any mistake or error in the date would invalidate the will. It will be presumed that the date given is the true date. We apprehend that cases will rarely occur in which this is not so. If it becomes necessary in any case upon a question as to the sanity of the testator, or probably other questions, the true time at which the will was made may be inquired into, but we hold that simply showing that a holographic will was made at a time different from that written therein will not invalidate it. The date is not the material thing, although made necessary by the statute. It is a means of identification, and aids in determining the authenticity of the will; but the main and essential thing is, that the will be wholly written and signed by the hand of the testator.'' Continuing, the court goes on to point out that a holographic will may be proved in the same manner that other private writings are proved (Code Civ. Proc., sec. 1309), and that according to the rule stated in Underhill on Wills (sec. 181) : ''Where the date is given it may be contradicted by parol, though until that is done it will be presumed, in a case of holograph, that the will was executed upon the date which is stated in it.'' Later the Supreme Court, in the *Estate of Vance, supra,* in commenting upon the decision in the *Estate of Fay, supra,* said: ''In the Fay case the words 'eighteen hundred and fifty-nine' represented a complete date. The date was not, to be sure, that of the actual writing of the instrument, but it did contain everything necessary to specify a date as that upon which the testator declared the paper to have been written. . . . Stating it otherwise, in the Fay case all that was needed to make the given date correspond to the true date was to change the erroneous word 'fifty' to 'eighty'.''

In view of the law as laid down in the foregoing cases it is our opinion that the trial court was fully justified in holding that the instrument now under consideration sufficiently conformed to the requirements of the statute to entitle the same to be admitted to probate as a holographic will. As will be observed, it contains a complete date— "December—fourth, nine hundred and twenty-eight"—and it is conceded that the same was entirely written by the hand of the testatrix. It sets forth with clearness a day, a month, a decade, and the particular year of the decade on which it purports to have been executed. Consequently the apparent inadvertence in erroneously designating the century cannot be said to destroy the effect of the instrument as a will because under the doctrine of the *Estates of Lakemeyer* and *Chevallier, supra,* the designation of the century may be omitted entirely, provided the decade and the particular year of the decade be stated; and under the doctrine of the *Estate of Fay, supra,* it is legally sufficient, even though one word in the date be obviously erroneous, provided the erroneous date be a complete date and can be made to correspond with the true date merely by substituting one word for another without adding additional words. In so ruling the court in that case pointed out that the instrument there under review could not have been written in eighteen hundred and fifty-nine, the date it bore, but was written in eighteen hundred and eighty-nine; and it was held therefore that such error did not destroy the effectiveness of the instrument as a holographic will because, as the court said in the *Estate of Vance, supra,* "all that was needed to make the given date correspond to the true date was to change the erroneous word 'fifty' to 'eighty' ". In the present case, it is self-evident that the instrument could not have been written in the tenth century, but was executed in the twentieth century. Consequently, here all that is necessary to make the given date correspond with the true date is to change the erroneous word "nine" to "nineteen". Moreover, the facts of the present case are even stronger in support of the theory of the valid will than those of the Fay case, because there the error in the date related to the "year", as distinguished from the century; whereas, in the present case the error relates only to the "century", which, as above shown, may

be entirely omitted (*Estate of Lakemeyer, supra,* and *Estate of Chevallier, supra*).

Appellants rely to a great extent upon the Vance case, *supra,* in support of their contention that the instrument here is invalid; but the facts of that case clearly differentiate it from the present one. There the instrument was dated March 22d "in the year of our Lord one thousand", omitting entirely the decade or the year of the decade, and it was held therefore that it was not a complete date, the court saying: " . . . these words (one thousand) form no more than a part of the complete date . . . ", and that consequently the only fair inference that could be drawn therefrom was "that Vance failed to complete the date which he had begun to write", and that " . . . the words 'one thousand' described, not a year which the testator intended to describe as that of the execution of his will, but only a part of the designation of a year, the rest having been, for some unknown reason, omitted". The court also said: "It is as if, stating the year in figures instead of words, he had written 'November 22, 1    ,' or 'November 22, 19  ' "; and it was held, therefore, that the date as written could not be made to correspond with the true date by merely substituting one word for another as was done in the Fay case, but that in order to make the date complete it would be necessary to add to the words "one thousand" the words "nine hundred and ten", which under the rule of the Fay case could not be done. In the present case, as above shown, there is a complete date, and although there is an erroneous designation of the century, the words "twenty-eight" clearly and correctly designate the year of the execution of the instrument. We fail to see, therefore, wherein the conclusion reached by the trial court, or the views expressed in this opinion, will in any manner conflict with the decision in the Vance case.

As held by the Supreme Court of the state of Louisiana in *Succession of Robertson,* 49 La. Ann. 868 [62 Am. St. Rep. 672, 21 South. 586]: "The law enjoins the date on two grounds: the first, the most essential, is in order that the precise date the testator made a disposition of his property may be known, rendering it possible to determine whether the testator had the capacity of giving at the time the testament was made. The second ground is secondary.

If there are two testaments, it should be manifest which is the last, in case of opposing or incompatible disposition. In either case, the date written by the testator is an essential.'' The date as written in the instrument in the present case is sufficiently clear to allow a determination of both of the foregoing questions.

Appellant relies also upon a group of cases holding that an instrument is invalid as a holographic will if the date be printed or partly printed. That question does not arise here, however, because the entire date of the instrument in question is admittedly in the handwriting of the testatrix.

The order appealed from is affirmed.

Tyler, P. J., and Ward, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 27, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 25, 1931.