I dissent from the result reached by the majority, and am glad that in attaining that result they do not agree upon their reasons, which are separately stated in the first and second opinions above, and that they therefore dispose of the case without changing the law. It is essential that the latter fact be made clear.
Our statute provides that holographic wills must be "entirely written, dated, and signed by the hand of the testator." As shown below, "dated" means, "bearing date," which with regard to a will or other document the validity, and time and conditions of execution of which are often peculiarly important, is universally defined as requiring an identification of the day on which it was executed. That day is usually identified by the ordinary designation of year, month and day, but may be designated by any other method which does so with reasonable certainty. Such examples, as correctly suggested in the first opinion above, are "`this last day of May, 1938,' `this May day, 1938,' `this Mothers' Day, 1938,' or any other of the various days that went to make up the month of May, 1938;" but not *Page 594 
"this day of May, 1938," which identifies none of them. By those examples even the first opinion perforce recognizes the legislative intent that "dated" means nothing less than indicating the day of execution.
On the other hand, it is too well recognized to require citation of authority that the right to make wills is not an inherent one but depends entirely on legislative authority, and that the statutory requirements are not merely directory but mandatory and must be substantially complied with.
Nevertheless, the first opinion above holds, without reasoning or authority, but only upon the ipse dixit of its signers, that "dated" means, bearing data, datum or a datum clause, or only some one or two of the three elements of year, month and day necessary to show the date; and the second opinion holds, equally without reasoning or authority, that unless certain questions arise with regard to the will, the requirement that a will be dated is not mandatory but may be ignored, thus in effect adding to the Act a proviso which the legislature failed to state or even to suggest.
It is a well known saying that hard cases make bad law, meaning that the sympathies of judges sometimes tend to interfere with their impartial application of legal rules, as where the natural disappointment of a prospective legatee is permitted to obscure the fact that the document has not been executed as required by statute and therefore does not constitute a will. However, in the great majority of cases the courts suppress those sympathies in order to keep our government one of laws and not of men. One such case is In re Maguire's Estate, 14 Cal.App.2d 388,58 P.2d 209, 210, in which, as quoted for some inexplicable reason in the first opinion above, the California court referred to the fact that "grief and disappointment are often caused to those depending upon holographic wills by thelaw as it now exists." But that court refused to usurp the legislative function, and said: "It may be that some time in the future the Legislature will make an additional *Page 595 
amendment to the section to the effect that no date is necessary provided the approximate time of the execution of the will is proved and that the testator was competent to make a will during all the time within the limits of said approximation."
The California court recognized but expressly refused to adopt either of the only two possible ways of evading the statutory requirement that holographic wills be dated: — the one adopted by the first opinion above, construing away the word "dated;" and the one adopted by the second opinion above, eliminating the absolute statutory requirement whenever the court may consider it unnecessary. If the latter is correct, the courts may eliminate the requirement of two witnesses for ordinary wills, where it considers that one witness should be sufficient.
This is not a hard case, for the estate is of less than $100, "subject, however to a trust," the nature, extent and conditions of which are not stated. If there is any greater equity in favor of the legatee and beneficiary here, as against the heirs at law, than in any other of the usual cases in which a document fails to possess the statutory elements required to constitute a will, it does not appear in the record.
In any event, because the majority do not agree upon their reasons this case makes no bad law, but merely effects a small redistribution of wealth, taking it from the heirs at law who are entitled to it under our laws of descent, and giving it to those who are not entitled to it under our law of holographic wills. No authority is given for that result, and no plausible reason for a result so diametrically opposed to the unanimous authorities is even suggested.
It is significant that the first opinion above does not attempt to cite any decision holding that "dated" as applied to a will means less than year, month and day. It says that inBailey v. Teackle, a Virginia case decided a century and a half ago, a document was held good as a holographic will which resembled the present one in bearing, not a date, but only the expression *Page 596 
"This day of April, in the year of our Lord 1744." Coming up into the last half century, it cites Webster v. Lowe, 107 Ky. 293,53 S.W. 1030, 1031, as one in which "A writing which bore no date whatever" was held good as a holographic will. In fairness to the Virginia and Kentucky courts, it should be stated that they were not rebelling against legislative requirements that wills be dated, since the statutes of Virginia and Kentucky did not make that requirement. Consequently neither case is even remotely in point.
The only other case cited on the point by the first opinion is that of Yount v. Hail (In re Hail's Estate), 106 Okla. 124,235 P. 916, 919, in which the court sustained as a holographic will a document bearing no date, but only the expression "November, 1919." In that opinion the court did not define the word "dated" as requiring only month and year. It admitted that the authorities were unanimously against such definition. However, after referring generally to what it condemned as a "letter and figure perfect" rule, — the requirement that a will be dated when the statute so provides, — the court said: "Oklahoma is inclined to the liberal construction or substantial compliance rule," and proceeded to hold that, for the purposesof that case only, the expression "November, 1919" was "a substantial compliance" with the statute, ignoring the fact that failure to "date" the document is no more a substantial compliance than a failure to write or sign it.
The Hail decision expressly declined to lay down any general rule that expressions of the kind constitute a substantial compliance with the statute or that the definition of "dated" was other than as universally accepted, for the court definitely disowned any attempt to establish such a precedent. The decision concluded: "It is not intended, however, by this decision to announce the conclusion here reached as a rule by which to measure the sufficiency of the date or signature of any other holographic will than the one here involved. The construction to be placed upon our statute governing this class of wills is left *Page 597 
open for determination wherever its construction is moreimperatively demanded by the facts of some particular case, * * *."
While it is not apparent how the construction of the statute could ever be more imperatively demanded than it was in that case, nevertheless the Oklahoma court expressly negatived any intent to construe it or to enunciate the rule that a will is "dated" without bearing the date of its execution. It expressly said that it was merely clearing the track for the will in question, reserving the right to turn the switch the other way when the question arose again. In view of that court's characterization of the universal rule as the "letter and figure perfect rule," we might perhaps designate the Oklahoma decision in question as adopting the "deuces wild rule." In fairness to that court it should be pointed out that the decision is shown as a "Commissioner's Opinion, Division No. 1," which indicates that a situation may have existed making it physically impossible for the entire court adequately to consider the case, in spite of the fact that two successive petitions for rehearing were filed. But whatever the possible justification or excuse for a decision of that kind, the express disavowal of the intention to adopt a rule applicable to other similar or even identical cases completely destroys any weight it might otherwise have had as a precedent; and although it was rendered nearly twenty years ago we do not find that the Oklahoma court has ever followed it. On the contrary, that court, in Re Abrams' Will, 182 Okla. 215, 77 P.2d 101, 102, expressly refused to apply or extend the HailEstate decision. In the Abrams Case it was argued that since in the Hail Estate Case "November 1919," with the day of the month omitted, was held a substantial compliance with the requirement that holographic wills be dated, a similar document entirely lacking any element of a date was likewise a substantial compliance. Since the Hail Estate decision entirely defeated the purpose of the statutory requirement of a date, the argument was plausible enough. But the court refused to follow it as a precedent, saying with regard to that decision: *Page 598 
"* * * The authorities are reviewed at length, and no case is cited where, under a statute requiring a holographic will to be dated, such a will was admitted to probate that did not contain the month, day and year. It is the only case to which our attention has been called, or that we have found, that, under a statute like ours, holds that a date on a holographic will is sufficient where only the month or year are given. The decisions from the other states having statutes requiring that such a will be dated are to the contrary. (68 C.J. 720, and authorities cited in note 2; In re Love's Estate, 1930, 75 Utah 342,285 P. 299; In re Vance's Estate, 1916, 174 Cal. 122, 162 P. 103, L.R.A. 1917C, 479; Montague v. Street, 1930, 59 N.D. 618,231 N.W. 728; Heffner v. Heffner, 1896, 48 La. Ann. 1088, 20 So. 281, 282.)
"In the case of Montague v. Street, 1930, N.D., supra, the court reviewed at length the authorities and discussed, but refused to follow, the Hail decision, and, under a statute identical with ours, held invalid a holographic will that omitted from the date the day of the month. The court called attention to the language used in the last paragraph of the opinion in theHail Case to the effect that it is not to be used as a precedent as to any other holographic will."
Thus whatever authority the Hail Estate Case may ever have supplied, it has been expressly repudiated by the Supreme Court of Oklahoma.
Except for such a decision as that in the Hail Case, which disposes of the controversy at hand while expressly refusing to follow or to enunciate any rule, the only way to decide a case is the right way, namely, by finding the rule, and by proceeding to apply it to the facts of the case presented.
The rule as laid down in the California, Oklahoma, Utah, Louisiana and North Dakota cases, is that followed without exception among courts of record, — that "dated" as applied to wills requires all three elements of a date, namely, year, month and day. The word "date," of which "dated" is the *Page 599 
past participle, is defined by Webster's New International Dictionary (2d Ed.) as follows: "To note the time of writing or executing; to express (in an instrument) the time of its execution."
In In re Price's Estate, 14 Cal.App. 462, 112 P. 482,483, the court said: "The term `date,' in its common and accepted signification, means the `day, month, and year' (see Century Dictionary, the Encyclopaedic Dictionary, and Bouvier's Law Dictionary), and we can perceive no sound reason that would or could prompt the Legislature in using the term in any other sense when making it one of the essentials of a legal instrument in writing of any character. If the `year' alone shall be held to be sufficient to satisfy the statute as to the date of an holographic will, we can see no good reason why the `day' or the `month' only would not likewise be sufficient to meet the requirements of the statute in respect of the date, between which and the other requisites of such a testament we can discover no difference in importance."
That definition is not merely the majority one, but the only one. Volume 68 of Corpus Juris, p. 720, section 403, says that, with a certain exception hereinafter noted, "it is generally held that the `date' required includes the year, month, and day, and that if any one of these is wanting the will is invalid, and where any part of the date is doubtful or uncertain, whether as to the day, month, or year, the instrument will fail as a holographic will." Page on Wills, 3d Ed., pp. 700-702, section 388, says: "If the statutes which regulate the holographic will provide that it must be dated, such a will is invalid if not dated. In order that the will may be valid, the date must show the year, month and day. * * * If the date gives the year and the month, but without the day of the month, some courts have held that such date is insufficient, while others have held that it is sufficient." The only case cited by Page as authority for the last clause of the quotation is In re Hail's Estate, supra, and it is the only one cited by Corpus Juris to the same effect. In *Page 600 
substantiation of the majority rule both authorities cite cases from California, Louisiana, North Dakota and Utah. All the cases cited in the American Digest System, so far as we have been able to find, are absolutely unanimous in holding that year, month and day are necessary to constitute a date, that if any of them is missing the document is not entitled to admission as a holographic will (Succession of Wenling, 172 La. 673,135 So. 21; Montague v. Street, N.D., supra; In re Love's Estate, Utah, supra; In re Vance's Estate, Cal., supra); that so much of the date must be in the testator's writing as to make the date certain after disregarding the part not in his writing (Succession of Heinemann, 172 La. 1057, 136 So. 51); if not, it is insufficient (In re Estate of Billings, 64 Cal. 427,1 P. 701; In re Yowell's Estate, 75 Utah 312, 285 P. 285; In reNoyes' Estate, 40 Mont. 190, 105 P. 1017); there is authority also that the omission of a date on the document cannot be supplied by evidence aliunde. (In re Abrams' Will, Okla., supra; In re Noyes' Estate, Mont., supra.)
The rule of liberal construction does not excuse the lack of substantial compliance with the statutory requirement that a holographic will must be dated. (In re Carpenter's Estate,172 Cal. 268, 156 P. 464, L.R.A. 1916E, 498.) The provision of section 4, Revised Codes, that statutes are to be "liberally construed" with a view to effect their objects and to promote justice does not mean that the express provisions of other statutes are to be made meaningless, nor does it mean that the disappointments of those who lose because the statutory requirements have not been performed are to outweigh the disappointments of those who in the absence of such performance are entitled to take under the intestacy statutes; for the purely statutory right to make a will does not confer such equities upon testator or legatee that justice requires the courts to overrule the express statutory requirements with which the grant of privilege is joined.
While Corpus Juris refers to the minority rule as that of *Page 601 
"liberal construction," the question is not one of construction at all. It is simply whether the word "dated," as universally applied for obvious reason to documents of this kind, shall be made meaningless and for all practical purposes be read out of the Act. The issue of strict or liberal construction enters in when the question is whether the attempted designation of a date is sufficient, as where an abbreviation is used, or where there is an obvious error, or where the date given could not actually have been the date on which the paper was in fact written. Since the statutory requirement that the document be dated is not purely formal but has a purpose, the fulfilment of which does not depend upon formality, the courts with few exceptions uniformly follow the rule of liberal construction and hold that the date is sufficiently designated if it can be ascertained with reasonable certainty from the matter appearing in the hand-writing of the testator, without recourse to other material which the courts are necessarily precluded by the statute from considering.
The courts have, with few exceptions, followed the rule of liberal construction in holding that any designation is sufficient which fixes the date with reasonable certainty. Thus the following have been held valid as dates in holographic wills: "Oct. 12/24" (Succession of Coleman, 177 La. 898, 149 So. 513); "April" on first line and "20-1930" on second line (Successionof Sutherland, 181 La. 1011, 160 So. 794; "4-14-07" (In reChevallier's Estate, 159 Cal. 161, 113 P. 130); "Nov. 22 '97." (In re Lakemeyer's Estate, 135 Cal. 28, 66 P. 961, 87 Am. St. Rep. 96.) In each of those instances a definite date was stated with reasonable certainty. The first opinion above suggests others, like "May Day, 1939," "Mothers' Day, 1939," etc.
Thus the rules of liberal interpretation and substantial compliance have usually been followed and the date held sufficient whenever it could be determined with reasonable certainty from the matter in testator's hand-writing. On the other hand, whenever *Page 602 
the date could not be so determined with any certainty, it has necessarily been held that the statutory requirement was not substantially fulfilled. Thus, in view of the local differences in custom among different persons in designating either the month or the day first, "12. 10. 1934" was held insufficient, since it could mean either December 10th or October 12th. (Succession ofLasseigne, La. App., 181 So. 879.) Another insufficient designation of the same kind was "9/8/18." (Succession ofBeird, 145 La. 756, 82 So. 881, 6 A.L.R. 1452.) Other designations insufficient to show day, month and year and therefore held invalid were "March Nineteen Hundred and Thirty" (In re Maguire's Estate, Cal.App. supra); "10 1912" (In reCarpenter's Estate, Cal., supra); "March 22, One Thousand" (Inre Vance's Estate, Cal. supra); "____ day of ____, 1906" (In rePrice's Estate, Cal., supra).
In any event, the fact that in cases of doubt or of obvious mistake in dating documents the courts have sometimes stretched the rule of liberal construction or substantial compliance almost to the breaking point, should not be seized upon as an excuse for entirely nullifying the statutory requirement where it has obviously not been substantially complied with.
One of the cases cited in the Hail Estate Case, supra, in support of the so-called "liberal construction rule" was Appealof Knox, 131 Pa. 220, 18 A. 1021, 1023, 6 L.R.A. 353, 17 Am. St. Rep. 798, in which the court correctly said that there was no "fixed requirement how much of the full name shall be written" in the signature; with which, of course, we have no quarrel. However, by statute we have a "fixed requirement" that the will be dated; and by dictionary meaning, general usage and unvarying authority there is a "fixed requirement" that "dated" as applied to such documents includes year, month and day, so that the omission of the date, or any essential part of it, is not even a substantial compliance and cannot properly be condoned simply by characterizing the requirement as "a letter and figure perfect rule." *Page 603 
The requirement being mandatory that the document be signed, but the word "signed" not having any fixed requirement, a considerable latitude is properly permitted as to how the signature shall be written under the substantial compliance rule; as shown above, the same is true as to "dated," where all the elements are present to constitute a date; but where any of the essential elements to constitute a date is missing, there has not been substantial compliance, and therefore the rule gives no assistance.
The writer of the first opinion in this case does not find that the meaning of the word "dated" has been ruled upon in Montana. If it had not been ruled upon the court would still be governed in its interpretation by section 15, Revised Codes, which provides: "Words and phrases used in the codes or other statutes of Montana are construed according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding section as amended, are to be construed according to such peculiar and appropriate meaning or definition."
It is apparent that in the requirement that the document be dated, the word "dated" is not technical and has acquired no peculiar meaning. Certainly it has not acquired a meaning equivalent to "data" or "datum." It is therefore, under section 15, Revised Codes, to be construed according to the context and the approved usage of the word in the modern English language of today, rather than of the word "data" or "datum" in the Latin, the Norman French, or the medieval English. This is necessarily true since the statute is intended for the special guidance of present day English speaking persons, generally unacquainted with those dead languages, who desire to make their wills without legal advice or assistance and who, in so doing, must necessarily be expected to interpret the words according to ordinary, nontechnical, contemporary usage.
It is to be emphasized also that the provision that words are *Page 604 
to be construed according to their context means that with reference to wills the word "dated" is not to be construed as it would be in relation to coffee cans, which are perhaps sufficiently dated by months, or coins, which are dated by years, or buildings, which are dated by years, decades or centuries, or geological formations, which are dated by periods, eras or epochs. It is to be construed, not merely as to ordinary writings, whose dates of execution may or may not be important, but with special reference to their character, — personal human documents more fully described as "last wills," meaning last in point of time, and thus necessarily involving the question of the date assigned to them by the testator, which means not merely the month, year or century. A decedent may leave several documents, each purporting to be his last will and testament, but if each bears only its month and year, how can it be determined which is actually his last will and testament? The date is important also in order to deal with such possibilities as mental incompetency, physical inability, undue influence and forgery. While those considerations may probably have furnished the reason for the statutory requirement of dating, the absence of such question in this or any other case cannot change either the definition of, or the necessity for, the statutory requirement. The ordinary will is usually drawn by a lawyer, or by a testator sufficiently experienced in dealing with property and documents to understand the importance of showing the date of its execution, and practically all such wills bear date in spite of a lack of such statutory requirement. If the date should happen to be missing, the formality of execution with two witnesses ordinarily furnishes a method of supplying that lack.
But since a holographic will is to be made by the testator, ordinarily without legal advice, so that the importance of a date might not otherwise be realized, the legislatures in the states in which holographic wills are authorized, have often required that such wills be dated. There is no doubt that the right to make a will is not an inherent right but depends entirely upon legislative authorization, and that the statutory requirements are mandatory *Page 605 
and must be at least substantially complied with. (In re Noyes'Estate, Mont., supra.)
The Montana decisions are not so silent upon the definition of "date" or "dated" as the first opinion above imagines. This court said in State ex rel. Rowe v. Kehoe, 49 Mont. 582,144 P. 162, 164, "The ordinary man on the street, in referring to thedate of the general election, would mean, and would be understood to mean, the day of the month on which the election happens to occur, and not any other day."
In In re Noyes' Estate, supra, this court had under consideration the meaning of the statutory requirement that a holographic will must be entirely dated by the hand of the testator. In that case the will was written upon paper bearing the printed figures "190_," which the testator, in his own writing, preceded by "Feb. 23" and followed by "3" so as to make the date "Feb. 23, 1903." Under statutes like section 6981, Revised Codes, it is uniformly held that the court must disregard the parts not in the testator's handwriting and must consider only the parts actually written by him, including the writing inserted by him in blanks in a printed form (In re BowersEstate, 11 Cal.2d 180, 78 P.2d 1012; In re Noyes'Estate, Mont., supra); and that a document only partly written in testator's handwriting is good if the written provisions are complete in themselves (In re Lowrance's Will, 199 N.C. 782,155 S.E. 876) but not otherwise. (In re Yowell's Estate, Utah, supra; Estate of Billings, Cal., supra.) Since, without reference to the three printed figures "190," the figure "3" in the NoyesWill could refer to the third year of any decade, if indeed without the printed figures it could be understood to refer to the last number of a year at all, the matter in the testator's hand-writing, taken alone, as it must be, was not sufficient to show a date and the court therefore held that the document was not "entirely * * * dated * * * by the hand of the testator himself." Assuming that the figure "3" was intended as the last number of some year, the proponent contended that the evidence showed 1903 *Page 606 
as the only year possibly involved; but the court obviously declined to accept the assumption and the evidence aliunde the document. The correctness of its action in those respects is not before us here.
In that case the question was not expressly presented whether the word "dated" necessarily included the day as well as the month and the year, but the court was required to decide whether "Feb. 23, 3" was a date. Obviously the court necessarily had first to determine the meaning of "date," and found that it required all elements necessary to identify a certain day, as in State ex rel. Rowe v. Kehoe, supra. That determination was necessary, and if the missing element had happened to be the particular day of the year instead of the particular year which included the day, the court's decision must clearly have been the same.
A judgment is not obiter dictum on any question within the issues which the opinion shows the court deliberately considered. (Spratt v. Helena Power Transmission Co., 37 Mont. 60,94 P. 631; Montana Horse Products Co. v. Great Northern R.Co., 91 Mont. 194, 7 P.2d 919; First Nat. Bank v.Perrine, 97 Mont. 262, 33 P.2d 997.)
Thus this court has at least twice interpreted the words "date" or "dated" according to the rules of statutory interpretation and their obvious ordinary meaning; and those decisions should not be overruled without express reference, or without reason or citation of authority.
The first opinion in this case refers to this court's decision in In re Noyes' Estate, supra, as quoting, supposedly with approval, the following language from In re Fay's Estate,145 Cal. 82, 78 P. 340, 341, 104 Am. St. Rep. 17: "The date is not the material thing although made necessary by the statute. It is a means of identification, and aids in determining the authenticity of the will; but the main and essential thing is that the will be wholly written and signed by the hand of the testator."
Far from approving the quotation, this court quoted it only *Page 607 
to express disapproval; for it next proceeded to quote the commentator's statement (104 Am. St. Rep. 29) in disagreement with the quotation, and then said: "With this [the commentator's] statement we agree. The requirement of the statute as to the date is not less mandatory than is the requirement as to signing, and it is not for the courts to say that either may be omitted without defeating the intention of the testator, though [the intention is] clearly expressed in the body of the writing."
It is of course true, as said in the first opinion in this case, that "in the statutes of our state referring to holographic wills we find no mention whatever of incorporation in the instrument of the day of the month of the execution thereof." It is equally true that we find no mention whatever of the month of the year or the year of the century. We do, however, find the requirement that the will be "dated," which is universally defined with reference to wills as requiring day as well as month and year.
It is further said in the first opinion that section 6981 contemplates three things, one of which is the "datum clause." The expression "datum" or "datum clause" nowhere appears in the section. What is required is not a Latin, Anglo-French or medieval English datum or datum clause. The requirement is that the will be dated as that word is universally accepted and understood in modern times with regard to wills, and not that it bear datum or datum clause.
As we have seen in Re Noyes' Estate, supra, this court thirty-five years ago adopted the two universal rules with which the first and second opinions above separately take issue; namely, that "dated" means showing day, month and year; and that the statutory requirement is not merely directory but is mandatory and must be substantially complied with regardless of the circumstances, no exception appearing in the statute. The legislature has had numerous opportunities during the intervening thirty-five years to amend the statute in either or both respects if so inclined. *Page 608 
There is absolutely no authority in the books for a departure from either of these rules and no valid reason has been suggested for overturning them. The result reached is therefore wrong, regrettable as it may be that the testatrix' possible intention is defeated by her failure to observe the statutory requirements. As the Oklahoma court said in Re Abrams' Will, supra, in which it refused to follow or extend the Hail Estate decision, which is the only one relied upon by the first opinion above, "It is to be regretted that the intention of the testatrix is defeated by her failure to observe the statutory requirements, but to hold otherwise would in effect be to let down the bars to evils against which the statutory provisions are aimed." Among the greatest of those evils is the substitution of a government of men for a government of laws, by the unconstitutional judicial usurpation of legislative power in place of the constitutionally authorized fair judicial interpretation of legislative enactments.